Opinion issued December 11, 2003 











In The
Court of Appeals
For The
First District of Texas
____________

NOS. 01-03-01230-CR
          01-03-01231-CR
          01-03-01232-CR
____________

IN RE TODD ALTSCHUL, Relator




Original Proceeding on Petition for Writ of Habeas Corpus



 
MEMORANDUM OPINION
               Relator, Todd Altschul, filed a pro se petition for writ of habeas corpus in
this Court. He requests that we issue a writ ordering that the Honorable Ben Hardin,
Judge of the 23rd District Court in Brazoria County, “re-construct missing judgments
and indictments” in cause numbers 23557, 26672, and 26673. Relator further
requests that we remand the case to the trial court “to appoint counsel and hold
proceedings” under article 11.07 of the Texas Code of Criminal Procedure.

               We are without jurisdiction to grant habeas corpus relief. The courts of
appeals have no original habeas corpus jurisdiction in criminal matters. Dodson v.
State, 988 S.W.2d 833, 835 (Tex. App.—San Antonio 1999, no pet.); Tex. Gov’t
Code Ann. § 22.221 (Vernon Supp. 2004). Moreover, we have no jurisdiction over
post-conviction writs of habeas corpus in felony cases. See Board of Pardons &
Paroles ex rel. Keene v. Court of Appeals for the Eighth District, 910 S.W.2d 481,
483 (Tex. Crim. App. 1995); Tex. Code Crim. Proc. Ann. art. 11.07, § 3 (Vernon
Supp. 2004).

               Even if we were to treat the application as a petition for writ of mandamus,
we would still have to deny relief because we do not have a record showing that
relator made any request of the trial court to perform a nondiscretionary act that the
trial court refused. See Barnes v. State, 832 S.W.2d 424, 426 (Tex. App.—Houston
[1st Dist.] 1992, orig. proceeding). 

               Accordingly, the petition is denied.

PER CURIAM

Panel consists of Justices Hedges,


 Alcala, and Hanks.

Do not publish. Tex. R. App. P. 47.2(b).