**Ex Parte Douglas WOOD.**

No. 06-04-00001-CR.

Court of Appeals of Texas, Texarkana.

Submitted Jan. 7, 2004.

Decided Jan. 8, 2004.

Douglas Wood, Omaha, pro se.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Justice ROSS.

Douglas Wood has filed an original habeas proceeding in which he seeks postconviction relief pursuant to chapter eleven of the Texas Code of Criminal Procedure. In his application, Wood contends his Texas parole officer has improperly added special sex offender requirements to the conditions of his parole, even though a court of competent jurisdiction has already determined Wood did not commit an offense for which such restrictions and requirements were appropriate.[1] Wood asks

1. In his application, Wood alleges the following facts: He was convicted of obscenity in Bossier Parrish, Louisiana, in 1998, and sentenced to three years' imprisonment. Then, on August 3, 2000, the Court of Appeal for Louisiana's Second Circuit granted Wood's application for writ of habeas corpus and removed "the statutory requirements of sexu-

this Court to enjoin the Texas Board of Pardons and Paroles from imposing on him the special conditions of parole applicable only to convicted sex offenders.

This Court's original and appellate jurisdiction is limited by the Texas Constitution and by statutes promulgated by the Texas Legislature. The Texas Constitution grants this Court with original jurisdiction only in cases where specifically prescribed by law. TEX. CONST. art. V, § 6. As it relates to the case now before us, we are not among the list of courts authorized by the Texas Legislature to issue post-conviction writs of habeas corpus; only the Texas Court of Criminal Appeals, the district courts, the county courts, and any judge of those courts, have the power to issue writs of habeas corpus. TEX.CODE CRIM. PROC. ANN. art. 11.05 (Vernon 1977). We also are not authorized under TEX. GOV'T CODE ANN. § 22.221 (Vernon Supp.2004) to consider an original habeas corpus application. Our law requires that post-conviction applications for writs of habeas corpus, for felony cases in which the death penalty was not assessed, be filed in the court of original conviction, made returnable to the Texas Court of Criminal Appeals. TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a), (b) (Vernon Supp.2004). We are, therefore, without jurisdiction to consider Wood's post-conviction application for writ of habeas corpus. *See Watson v. State,* 96 S.W.3d 497, 500 (Tex.App.-Amarillo 2002, pet. ref'd) (dismissing two points of error within appeal of denial of motion for post-conviction DNA testing because those points of appeal amounted to request for original habeas relief, which court was without jurisdiction to grant).

al offenders under La. R.S. 15:535 *et seq.*" from Wood's sentence. Wood's parole was eventually transferred to Mt. Pleasant, Texas, in December 2002. It was then that, accord-

We dismiss for want of jurisdiction this proceeding.

ing to Wood, his parole officer successfully petitioned the Texas Board of Pardons and Paroles to add special conditions for sex offenders to Wood's conditions of parole.