NUMBER13-05-304-CR
 
COURT OF APPEALS
 
THIRTEENTH DISTRICT OF TEXAS
 
CORPUS CHRISTI - EDINBURG

________________________________________________________________ 

EX PARTE EPIMENIO CAMPOS
_____________________________________________________________ 
 
On Petition for Writ of Habeas Corpus 
______________________________________________________________ 

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Hinojosa and Yañez 
Per Curiam Memorandum Opinion




         Applicant, Epimenio Campos, has filed an application for writ of habeas corpus in
this Court complaining of his confinement and other issues relating to the underlying
criminal cause. We dismiss this proceeding for want of jurisdiction.
          This Court does not have original habeas jurisdiction in criminal matters. See Ater
v. Eighth Court of Appeals, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991); Ex parte Wood,
125 S.W.3d 805, 806 (Tex. App.–Texarkana 2004, orig. proceeding); Self v. State, 122
S.W.3d 294, 295 (Tex. App.–Eastland 2003, no pet.); Ex parte Hearon, 3 S.W.3d 650, 650
(Tex. App.–Waco 1999, orig. proceeding); Dodson v. State, 988 S.W.2d 833, 835 (Tex.
App.–San Antonio 1999, no pet.). As it relates to the case now before us, we are not
among the list of courts authorized by the Texas Legislature to issue writs of habeas
corpus. See Tex. Code Crim. Proc. Ann. art. 11.05 (Vernon 2005). Only the Texas Court
of Criminal Appeals, the district courts, the county courts, and any judge of those courts,
have the power to issue writs of habeas corpus. See id. 
          As an intermediate appellate court, our authority to grant extraordinary writs extends
only to situations wherein issuance of the writ is necessary to enforce our appellate
jurisdiction over a matter pending before us, or the applicant is being restrained due to a
violation of an order, judgment, or decree rendered in a civil case. See Tex. Gov’t Code
Ann. art. 22.221(a), (d) (Vernon 2004); Ex parte Layton, 928 S.W.2d 781, 782 (Tex.
App.–Amarillo 1996, orig. proceeding). In the instant case, Campos is complaining of his
confinement and other issues relating to the underlying criminal cause. Thus, we cannot
entertain his request for habeas relief. 
          We dismiss this proceeding for want of jurisdiction.      PER CURIAM

Do not publish. Tex. R. App. P. 47.2(b).
Memorandum Opinion delivered and filed
this 5th day of May, 2005.