NO. 07-04-0327-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



MAY 10, 2005



______________________________




DONALD PENA, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 242ND DISTRICT COURT OF HALE COUNTY;



NO. A13157-9808; HONORABLE ED SELF, JUDGE



_______________________________



Before QUINN and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Pursuant to a guilty plea, in 1998, appellant Donald Pena was convicted of
indecency with a child and sentenced to ten years confinement and a $1,000 fine,
suspended for ten years. Following a motion and several amended motions to revoke in
which the State alleged numerous violations of the conditions of community supervision,
on May 28, 2004, appellant's community supervision was revoked and the original
sentence was imposed. In presenting this appeal, counsel has filed an Anders (1) brief in
support of a motion to withdraw. We grant counsel's motion and affirm.

 In support of his motion to withdraw, counsel certifies he has diligently reviewed the
record and, in his opinion, the record reflects no reversible error upon which an appeal can
be predicated. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493
(1967); Monroe v. State, 671 S.W.2d 583, 585 (Tex.App.--San Antonio 1984, no pet.).
Thus, he concludes the appeal is frivolous. In compliance with High v. State, 573 S.W.2d
807, 813 (Tex.Cr.App. 1978), counsel has candidly discussed why, under the controlling
authorities, there is no error in the court's judgment. Counsel has also shown that he sent
a copy of the brief to appellant and informed appellant that, in counsel's view, the appeal
is without merit. In addition, counsel has demonstrated that he notified appellant of his right
to review the record and file a pro se response if he desired to do so. Appellant did not file
a response. Neither did the State favor us with a brief.

 By the Anders brief, counsel advances three arguable points for consideration, to-wit: 

 (1) the factual sufficiency of the evidence to support the revocation order;

 (2) the effectiveness of trial counsel's assistance; and

 (3) whether appellant was denied due process of law because the trial court
was not impartial.


However, after analysis, counsel concedes these arguments do not require reversal.


 When reviewing an order revoking community supervision, the sole question before
this Court is whether the trial court abused its discretion. Cardona v. State, 665 S.W.2d
492, 493 (Tex.Cr.App. 1984); Jackson v. State, 645 S.W.2d 303, 305 (Tex.Cr.App. 1983). 
When more than one violation of the conditions of community supervision is found by the
trial court, the revocation order shall be affirmed if one sufficient ground supports the court's
order. Moore v. State, 605 S.W.2d 924, 926 (Tex.Cr.App. 1980); Jones v. State, 571
S.W.2d 191, 193 (Tex.Cr.App. 1978); McCollum v. State, 784 S.W.2d 702, 704-05
(Tex.App.--Houston [14th Dist.] 1990, pet. ref'd). Additionally, a plea of true standing alone
is sufficient to support the trial court's revocation order. Moses v. State, 590 S.W.2d 469,
470 (Tex.Cr.App. 1979). 

 At the hearing on the State's amended motion to revoke, appellant freely, voluntarily,
knowingly, and intelligently pleaded true to allegations that he failed to notify his community
supervision officer of a change of address, failed to pay restitution and supervision fees,
and was within 100 yards of a residence, school, or other location where three different
children under the age of 18 were present. Based on his plea of true and evidence
presented on other alleged violations, the trial court found, in addition to the admitted
violations, that appellant had committed criminal trespass and was within 100 yards of other
residences where two additional children under age 18 were present. Based on appellant's
plea of true and the evidence presented, we conclude the trial court did not abuse its
discretion in revoking appellant's community supervision. Based on the record before us,
we need not address counsel's arguable points.

 We have also made an independent examination of the entire record to determine
whether there are any arguable grounds which might support the appeal. See Penson v.
Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d
503, 511 (Tex.Cr.App. 1991). We have found no such grounds and agree with counsel that
the appeal is frivolous. Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State,
477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

 Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the
trial court is affirmed.

 Don H. Reavis

 Justice


Do not publish.


1. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).


gements for payment of the
reporter’s record and clerk’s record.


 Finding Herrera received a reasonable opportunity
to cure this failure, we dismissed his appeal for want of prosecution on January 10, 2008. 
Tex. R. App. P. 37.3(b). Herrera has filed a petition for discretionary review before the
Texas Court of Criminal Appeals.
          In the instant motion, Herrera urges several factors, ranging from an involuntary plea
in the trial court to the inability to adequately prosecute his appeal because of limited jail
resources, warrant his immediate release from incarceration. No record or appendix
accompanies Herrera’s motion nor does he complain of an order or ruling by a lower court.
          The original and appellate jurisdiction of a court of appeals is limited by the Texas
Constitution and legislatively enacted statutes. Ex parte Wood, 125 S.W.3d 805, 806
(Tex.App.–Texarkana 2004, orig. proceeding). Herrera presents no authority authorizing
us to grant his release from incarceration during the pendency of his petition for
discretionary review and we are aware of none. 
          To the extent Herrera seeks to affect this court’s January 10 judgment, we are
without plenary power. Tex. R. App. P. 19.1(a) (in absence of motions altering period,
plenary power expires sixty days after judgment). Because Herrera’s conviction was not
reversed, we may not treat his motion as one for bail. See Tex. Code Crim. Proc. Ann. art.
44.04(h) (Vernon 2007). 
          Were we to treat Herrera’s motion as a petition for writ of habeas corpus, this court
would lack jurisdiction. As noted, the appeal of Herrera’s conviction was transferred to this
court from a sister court of appeals. The order did not extend the transfer to a future
original proceeding such as a petition for writ of habeas corpus. See Tex. Gov’t Code Ann.
§ 73.002 (Vernon 2005) (specifying jurisdiction of transferred case); Varner v. Koons, 888
S.W.2d 511, 513 (Tex.App.–El Paso 1994, orig. proceeding) (transferee court had
jurisdiction to dispose finally of case on appeal and to enforce its mandate, but no
jurisdiction over future appeals). Herrera’s motion seeks release from restraint in Comal
County which lies outside the territorial limits of this court’s jurisdiction. See Tex. Gov’t
Code Ann. § 22.201 (Vernon Supp. 2007) (listing counties included in each appellate
district of Texas). We would thus have no authority to act on a petition for writ of habeas
corpus brought by Herrera. See Tex. Gov’t Code Ann. § 22.221(b) (Vernon 2004) (writ
power of court of appeals extends to “judge of a district or county court in the court of
appeals district.”). 
          Under the facts presented we conclude this court is without jurisdiction to consider
the merits of Herrera’s motion for release from incarceration. Accordingly, we dismiss the
motion for want of jurisdiction. 
                                                                                      Per Curiam
Do not publish.