NUMBER 13-06-581-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG



______________________________________________________ 


EX PARTE JEROME LOPEZ






On Petition for Writ of Habeas Corpus 






MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Hinojosa and Castillo 


Per Curiam Memorandum Opinion (1)





 Applicant, Jerome Lopez, has filed an application for writ of habeas corpus in this
Court complaining of his confinement and other issues relating to the underlying criminal
cause. See Lopez v. State, No. 13-01-635-CR, 2006 Tex. App. LEXIS 244 (Tex.
App.-Corpus Christi Jan. 12, 2006, no pet.). We dismiss this proceeding for want of
jurisdiction.

 This Court does not have original habeas jurisdiction in criminal matters. See Ater
v. Eighth Court of Appeals, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991); Ex parte Wood,
125 S.W.3d 805, 806 (Tex. App.-Texarkana 2004, orig. proceeding); Self v. State, 122
S.W.3d 294, 295 (Tex. App.-Eastland 2003, no pet.); Ex parte Hearon, 3 S.W.3d 650, 650
(Tex. App.-Waco 1999, orig. proceeding); Dodson v. State, 988 S.W.2d 833, 835 (Tex.
App.-San Antonio 1999, no pet.). As it relates to the case now before us, we are not
among the list of courts authorized by the Texas Legislature to issue writs of habeas
corpus. See Tex. Code Crim. Proc. Ann. art. 11.05 (Vernon 2005). Only the Texas Court
of Criminal Appeals, the district courts, the county courts, and any judge of those courts,
have the power to issue writs of habeas corpus. See id. 

 As an intermediate appellate court, our authority to grant extraordinary writs extends
only to situations wherein issuance of the writ is necessary to enforce our appellate
jurisdiction over a matter pending before us, or the applicant is being restrained due to a
violation of an order, judgment, or decree rendered in a civil case. See Tex. Gov't Code
Ann. art. 22.221(a), (d) (Vernon 2004); Ex parte Layton, 928 S.W.2d 781, 782 (Tex.
App.-Amarillo 1996, orig. proceeding). In the instant case, Lopez is complaining of his
confinement and other issues relating to the underlying criminal cause. Thus, we cannot
entertain his request for habeas relief. (2) 

 Accordingly, this proceeding is DISMISSED for want of jurisdiction. 

 PER CURIAM

Do not publish. Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and filed

this 20th day of October, 2006.
1. See Tex. R. App. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is
not required to do so."); Tex. R. App. P. 47.4 (distinguishing opinions and memorandum opinions).
2. Applicant's writ of habeas corpus is a hand-written tome that exceeds two hundred pages in length. 
While we cannot help but admire applicant's tenacity in producing such a lengthy document, we suggest that
applicant consult the appellate rules prior to further pursuit of this matter, if any. See, e.g., Tex. R. App. P. 73
(postconviction applications for writs of habeas corpus).