NO. 07-07-0299-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 5, 2008
______________________________

FRANK HERRERA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE COUNTY COURT AT LAW NO. 1 OF COMAL COUNTY;

NO. 2005-CR-2133; HONORABLE RANDY GRAY, JUDGE
_______________________________

 
Before CAMPBELL and HANCOCK and PIRTLE, JJ.
ORDER ON MOTION
          Appellant Frank Herrera, appearing pro se, has filed a motion requesting release
from the Comal County jail, apparently for the duration of the pendency of his petition for
discretionary review by the Texas Court of Criminal Appeals. We will dismiss the motion
for lack of jurisdiction.
          Herrera was convicted by a jury for theft of services of $500 or more but less than
$1,500, on June 1, 2007. He timely perfected an appeal which was transferred to this
court from the Third Court of Appeals under the Supreme Court’s statutory transfer
authority. See Tex. Gov’t Code Ann. § 73.001 et seq. (Vernon 2005) (authority to transfer
cases). We initially abated and remanded the case for, inter alia, determination of
Herrera’s alleged indigency. Following a hearing, the trial court concluded Herrera was not
indigent and therefore not entitled to appointed appellate counsel and a free appellate
record. Herrera thereafter failed to make satisfactory arrangements for payment of the
reporter’s record and clerk’s record.


 Finding Herrera received a reasonable opportunity
to cure this failure, we dismissed his appeal for want of prosecution on January 10, 2008. 
Tex. R. App. P. 37.3(b). Herrera has filed a petition for discretionary review before the
Texas Court of Criminal Appeals.
          In the instant motion, Herrera urges several factors, ranging from an involuntary plea
in the trial court to the inability to adequately prosecute his appeal because of limited jail
resources, warrant his immediate release from incarceration. No record or appendix
accompanies Herrera’s motion nor does he complain of an order or ruling by a lower court.
          The original and appellate jurisdiction of a court of appeals is limited by the Texas
Constitution and legislatively enacted statutes. Ex parte Wood, 125 S.W.3d 805, 806
(Tex.App.–Texarkana 2004, orig. proceeding). Herrera presents no authority authorizing
us to grant his release from incarceration during the pendency of his petition for
discretionary review and we are aware of none. 
          To the extent Herrera seeks to affect this court’s January 10 judgment, we are
without plenary power. Tex. R. App. P. 19.1(a) (in absence of motions altering period,
plenary power expires sixty days after judgment). Because Herrera’s conviction was not
reversed, we may not treat his motion as one for bail. See Tex. Code Crim. Proc. Ann. art.
44.04(h) (Vernon 2007). 
          Were we to treat Herrera’s motion as a petition for writ of habeas corpus, this court
would lack jurisdiction. As noted, the appeal of Herrera’s conviction was transferred to this
court from a sister court of appeals. The order did not extend the transfer to a future
original proceeding such as a petition for writ of habeas corpus. See Tex. Gov’t Code Ann.
§ 73.002 (Vernon 2005) (specifying jurisdiction of transferred case); Varner v. Koons, 888
S.W.2d 511, 513 (Tex.App.–El Paso 1994, orig. proceeding) (transferee court had
jurisdiction to dispose finally of case on appeal and to enforce its mandate, but no
jurisdiction over future appeals). Herrera’s motion seeks release from restraint in Comal
County which lies outside the territorial limits of this court’s jurisdiction. See Tex. Gov’t
Code Ann. § 22.201 (Vernon Supp. 2007) (listing counties included in each appellate
district of Texas). We would thus have no authority to act on a petition for writ of habeas
corpus brought by Herrera. See Tex. Gov’t Code Ann. § 22.221(b) (Vernon 2004) (writ
power of court of appeals extends to “judge of a district or county court in the court of
appeals district.”). 
          Under the facts presented we conclude this court is without jurisdiction to consider
the merits of Herrera’s motion for release from incarceration. Accordingly, we dismiss the
motion for want of jurisdiction. 
                                                                                      Per Curiam
Do not publish.