**Ex parte Christina Marie SARAO, Relator.**

**No. 17444.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

April 26, 1979.

Woody & Rosen, Mary M. Rawlins, Houston, for appellant.

Dow, Cogburn & Friedman, George A. Rustay, Houston, for appellee.

Before COLEMAN, C. J., and EVANS and WALLACE, JJ.

EVANS, Justice.

The threshold question in this case is whether this court has original jurisdiction over a habeas corpus proceeding instituted by the petitioner Josephine Marie Sarao on behalf of her minor child, Christina Marie Sarao.

The petitioner contends that her daughter is being restrained of her liberty by virtue of a void order entered by the trial court. She alleges that under the provisions of an earlier divorce decree she was named the managing conservator of her child and that the trial court, without proper notice and hearing, appointed the respondent, James Sarao, the child's father, as the temporary managing conservator of the child.

Article 1824a Tex.Rev.Civ.Stat.Ann. provides:

Whenever any person is restrained in his liberty within a supreme judicial district, the court of civil appeals of such district, or any of the justices thereof,

shall have concurrent jurisdiction with the supreme court to issue the writ of habeas corpus whenever it appears that such restraint of liberty is by virtue of any order, process, or commitment issued by any court or judge on account of the violation of any order, judgment, or decree theretofore made, rendered, or entered by such court or judge in a divorce case, wife or child support case, or child custody case. Said court or any justice thereof, pending the hearing of application for such writ, may admit to bail any person to whom the writ of habeas corpus may be so granted.

■ The initial question raised by the petitioner's application is whether this court has jurisdiction to entertain a habeas corpus proceeding in a child custody case where it does not appear that the order complained of was issued "on account of the violation of" an order theretofore made, rendered or entered in the cause. The court concludes that it does not have such jurisdiction.

The Texas Supreme Court, interpreting Article 1737, Tex.Rev.Civ.Stat.Ann., which contains language similar that contained in the provisions of Article 1824a, has held that its original habeas corpus jurisdiction is confined to those matters involving a restraint of liberty by virtue of the violation of an order, judgment or decree in a civil case. *Ex parte Hofmayer,* 420 S.W.2d 137 (Tex.1967); *Ex parte Waters,* 498 S.W.2d 144 (Tex.1973); *Ex parte Morris,* 162 Tex. 530, 349 S.W.2d 99, 101 (1961). In *Morris,* the Texas Supreme Court concluded:

> "Our original habeas corpus jurisdiction is limited thereby to cases in which a person has been confined for violating an order, judgment or decree in a civil cause, and we are without power to inquire into the legality of restraint imposed for some other reason."

■ The courts of civil appeals have extremely limited jurisdiction in original habeas corpus proceedings and their jurisdiction is restricted to those cases in which a person has been confined for violating an "order, judgment, or decree theretofore made, rendered, or entered by such court or judge in a divorce case, wife or child support case, or child custody case." Article 1824a, Tex.Rev.Civ.Stat.Ann.; *Ex parte Hosken,* 480 S.W.2d 18, 24 (Tex.Civ.App.— Beaumont 1972 no writ).

The petition for habeas corpus is dismissed for want of jurisdiction.