**Ex parte Cesar Romeo LOPEZ, Relator.**

**No. 04–84–00041–CV.**

Court of Appeals of Texas, San Antonio.

March 7, 1984.

Robert F. Barnes, Hidalgo, for appellant.

Sharon Trigo, Laredo, for appellee.

Before BUTTS, CANTU and TIJERINA, JJ.

## ON PETITION FOR WRIT OF HABEAS CORPUS

PER CURIAM.

This is an original petition for writ of habeas corpus. The petition alleges that relator, Cesar Romeo Lopez, is unlawfully restrained of his liberty by virtue of a void contempt order rendered by the 49th District Court of Webb County, Texas. The petition was originally filed on January 24, 1984, without an accompanying proof of relator's restraint. We denied the application until we were furnished with proof of restraint. TEX.R.CIV.P. 383a(2)(f).

Relator responded with a certified copy of a writ of commitment with the Officer's Return filled in. Attached to the writ is a copy of a document entitled "Hidalgo County Jail—Prisoner's Record," which shows that the relator was taken into custody and committed to the Hidalgo County Jail on January 18, 1984. This is verified by the completed Officer's Return included in the writ of commitment. We dismiss relator's petition for the reason that we have no jurisdiction to consider it.

The authority of this court to entertain applications in habeas corpus proceedings is derived from TEX.REV.CIV.STAT. ANN. art. 1824a (Vernon Supp.1982–1983). The jurisdiction conferred by this statute is extremely limited. The statute provides:

Whenever any person is *restrained* in his liberty *within a supreme judicial district,* the court of appeal, *of such district,* or of any of the justices thereof, shall have concurrent jurisdiction with the supreme court to issue the writ of habeas corpus whenever it appears that such restraint of liberty is by virtue of any order, process, or commitment issued by any court or judge on account of the violation of any order, judgment, or decree theretofore made, rendered, or entered by such court of judge in a divorce case, wife or child support case, or child custody case. Said court or any justice thereof, pending the hearing of application for such writ, may admit to bail any person to whom the writ of habeas corpus may be so granted. [Emphasis ours.]

In the instant case, relator was arrested and taken into custody pursuant to a writ of commitment emanating from the 49th Judicial District which is within the Fourth Supreme Judicial District. Relator, however, was taken into custody and committed to jail in Hidalgo County which lies within the Thirteenth Supreme Judicial District.

While relator is restrained of his liberty *because* of an order originating within this court's jurisdiction for habeas corpus purposes, he is not restrained in his liberty within the territorial boundaries of this court's district.

Accordingly, this court's limited habeas corpus jurisdiction[1] has not been invoked, and relator's petition must be dismissed. In so holding we express no opinion as to whether or not relator has standing to invoke the habeas corpus jurisdiction of the Supreme Court of Texas or of the Thirteenth Court of Appeals. *See* TEX. REV.CIV.STAT.ANN. art. 1824a (Vernon Supp.1982–1983).

Relator's petition is dismissed.

---

1. The writ when issued by this court is directed to any one having a person in his custody, or under his restraint, commanding him to produce such person, at a time and place named in the writ to show why he is held in custody or under restraint. *See* TEX. CONST. art. I, § 12, interp. commentary (Vernon 1955).