Ex parte David LAYTON, Relator.

No. 07–96–0274–CV.

Court of Appeals of Texas, Amarillo.

Sept. 5, 1996.

David Layton, Kenedy, pro se.

Rebecca King, Potter County District Attorney, Amarillo, for appellee.

Before DODSON, BOYD and QUINN, JJ.

QUINN, Justice.

David Layton petitioned the court for a "writ of habeas corpus *ad testificandum.*" The relief is sought to enable him to appear at a hearing to "presents [sic] additional and clear facts" and to "demanstrate [sic] the exacte [sic] nature of 'who and how' he was 'set up' of the crime of which he was unlawfully convicted." We dismiss the petition.

■ Our jurisdiction to issue writs of habeas corpus is quite limited. *Ex parte Hawkins*, 885 S.W.2d 586, 587 (Tex.App.—El Paso 1994, no writ). It extends only to those situations wherein a person is restrained of his liberty "by virtue of an order, process, or commitment issued by a court or judge because of the violation of an order, judgment, or decree ... made, rendered, or entered ... in a civil case." *Tex. Gov.Code Ann.* § 22.221(d) (Vernon Supp.1996). In effect, the petitioner must be seeking freedom from restraint imposed by an order arising from the violation or enforcement of a previous order. Moreover, the locale at which the restraint exists must be within the territorial district of the appellate court. *Id.; Ex parte Lopez*, 668 S.W.2d 826, 827 (Tex.App.—San Antonio 1984, no writ). The pending matter fails to satisfy these jurisdictional prerequisites in at least three ways.

■ First, Layton does not seek release from restraint as contemplated by § 22.221(d). Rather, he simply wants his temporary freedom to sojourn beyond the confines of prison to testify at some hearing. That falls outside our jurisdictional prerogative. Second, the order under which he is restrained arises from a criminal proceeding. Section 22.221(d) demands that the case be civil. *Ex parte Hawkins, supra.* Third, the petition reveals Layton's current place of restraint as the Connally Unit, Kenedy, Texas. Kenedy is located in the county of Karnes, a county outside our appellate district.

Accordingly, we dismiss the petition for want of jurisdiction.