NO. 07-04-0341-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



JULY 8, 2004


______________________________



In re: RONALD H. MARR, JR.,



 Relator

_________________________________



ORIGINAL PROCEEDING


_______________________________



Before JOHNSON, C.J., and QUINN and REAVIS, JJ.


 Pending before the court is the motion of Ronald H. Marr, Jr. for "leave to file petition
for writ of habeas corpus." He contends that he is "illegally confined and restrained of his
liberty by the Lubbock County District Attorney's Office, an [sic] the Sheriff of Lubbock
County . . . ." Furthermore, the restraint arises "by virtue of an illegal indictment" pursuant
to which he was arrested. Purportedly, the indictment "is quashable [sic] due to article
62.021(2)(c) as well as article 62.12(2) of the Code of Criminal Procedure." We deny the
motion for want of jurisdiction.

 Our authority to grant extraordinary writs extends only to situations wherein 1)
issuance of the writ is necessary to enforce our appellate jurisdiction over a matter pending
before us, Tex. Code Crim. Proc. Ann. art. 22.221(a) (Vernon 2004), or 2) the applicant
is being restrained due to a violation of an order, judgment or decree rendered in a civil
case. Id. at art. 22.221(d); Ex parte Layton, 928 S.W.2d 781, 782 (Tex. App.-Amarillo
1996) (orig. proceeding). As can be seen from the content of his motion, however, Marr
questions the authority of the State to indict, hold, and try him for a purported violation of
its criminal laws. The ability to release him from such a restraint on his liberty falls outside
our jurisdictional prerogative. That is, he is not asking for relief to enable us to protect our
jurisdiction over another matter or questioning restraints placed on his liberty due to a
purported violation of some order or decree rendered in a civil case. Thus, we cannot
entertain his request for habeas relief. See Tex. Code Crim. Proc. Ann. art. 11.08 (Vernon
1977) (stating that if a person is confined after indictment on a felony charge, he may apply
for habeas relief to the judge of the court in which he is indicted or, if none, the judge of any
district whose residence is nearest to the courthouse of the county in which the applicant
is held).

 Accordingly, the motion for leave to file a petition for writ of habeas corpus is denied. 
And, to the extent that his motion can also be construed as an actual petition for habeas
relief, we dismiss it for want of jurisdiction.


 Brian Quinn

 Justice


 




 



Reavis

 Justice

 

Do not publish.