NO. 07-04-0341-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 8, 2004
_____

In re: RONALD H. MARR, JR.,

Relator
_____

***ORIGINAL PROCEEDING***
_____

Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

Pending before the court is the motion of Ronald H. Marr, Jr. for "leave to file petition for writ of habeas corpus." He contends that he is "illegally confined and restrained of his liberty by the Lubbock County District Attorney's Office, an [sic] the Sheriff of Lubbock County . . . ." Furthermore, the restraint arises "by virtue of an illegal indictment" pursuant to which he was arrested. Purportedly, the indictment "is quashable [sic] due to article 62.021(2)(c) as well as article 62.12(2) of the Code of Criminal Procedure." We deny the motion for want of jurisdiction.

Our authority to grant extraordinary writs extends only to situations wherein 1) issuance of the writ is necessary to enforce our appellate jurisdiction over a matter pending before us, TEX. CODE CRIM. PROC. ANN. art. 22.221(a) (Vernon 2004), or 2) the applicant is being restrained due to a violation of an order, judgment or decree rendered in a civil case. *Id.* at art. 22.221(d); *Ex parte Layton*, 928 S.W.2d 781, 782 (Tex. App.–Amarillo

1996) (orig. proceeding). As can be seen from the content of his motion, however, Marr questions the authority of the State to indict, hold, and try him for a purported violation of its criminal laws. The ability to release him from such a restraint on his liberty falls outside our jurisdictional prerogative. That is, he is not asking for relief to enable us to protect our jurisdiction over another matter or questioning restraints placed on his liberty due to a purported violation of some order or decree rendered in a civil case. Thus, we cannot entertain his request for habeas relief. *See* TEX. CODE CRIM. PROC. ANN. art. 11.08 (Vernon 1977) (stating that if a person is confined after indictment on a felony charge, he may apply for habeas relief to the *judge of the court in which he is indicted* or, if none, the judge of any district whose residence is nearest to the courthouse of the county in which the applicant is held).

Accordingly, the motion for leave to file a petition for writ of habeas corpus is denied. And, to the extent that his motion can also be construed as an actual petition for habeas relief, we dismiss it for want of jurisdiction.


Brian Quinn
Justice