NO. 07-06-0313-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



DECEMBER 20, 2006



______________________________


 

IN THE INTEREST OF H.N.W. AND H.M.W., CHILDREN


_________________________________



FROM THE 100TH DISTRICT COURT OF CHILDRESS COUNTY;



NO. 9220; HONORABLE PHIL VANDERPOOL, JUDGE


_______________________________




Before CAMPBELL and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION


 Dale and Laura Weatherington (Dale and Laura) appeal from an order terminating
their parental rights to H.M.W. and H.N.W. We affirm.

 Counsel was appointed to represent Dale and Laura on appeal. Subsequently,
appointed counsel filed an Anders (1) brief and a motion to withdraw. In his Anders brief,
counsel certified to the court that he had made a diligent search of the entire record and
had concluded that there is no reversible error upon which an appeal can be predicated. 
Counsel discussed several possible issues on appeal and why each was, in his opinion,
without merit. Counsel also certified that he had informed his clients of his conclusion and
of their right, individually, to review the record and file a pro se response to the brief and
motion. This court has also contacted Dale and Laura, in writing, informing them of their
counsel's brief and motion and of their rights to individually respond thereto, after reviewing
the record. Dale has responded alleging several areas of error. Laura has not responded.

 At the outset we note that this court has previously held that an appellate counsel
may file an Anders brief in a proceeding where a party's parental rights have been
terminated. In re AWT, 61 S.W.3d 87, 88 (Tex.App.-Amarillo 2001, no pet.). 

 As previously stated, counsel detailed in his brief the possible issues for appeal. 
Further, counsel provided citations to controlling authorities and analysis explaining why
each possible issue was without merit. High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App.
1978). Upon conducting our independent review of the record, we are convinced that
appellate counsel is correct in his determination that all identifiable grounds for appeal are
without merit. As in a criminal case, our review of the record included a search for
independent grounds for appeal not otherwise identified or discussed by counsel. Penson
v. Ohio, 488 U.S. 75, 80 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Bledsoe v. State, 178
S.W.3d 824, 827 (Tex.Crim.App. 2005). We have found none. Finally, we have reviewed
the possible grounds raised by Dale in his response to the Anders brief. None of the
grounds raised have any arguable basis for appeal. 


 Accordingly, counsel's motion to withdraw is hereby granted and the trial court's
judgment is affirmed.


 Mackey K. Hancock

 Justice




1. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).


lse" Priority="1" Name="Default Paragraph Font"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-11-00096-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL D

 



MARCH
25, 2011

 



 

EX PARTE RODOLFO M. CASTILLO



 



 

 

Before QUINN,
C.J., and CAMPBELL and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

On March 1, 2011, Rodolfo M. Castillo, acting pro se, filed an application for writ of
habeas corpus as an original proceeding in this Court.  See
Tex. R. App. P. 52 (original proceedings). 
His basic contention in the application is that his retained counsel
entered a no contest plea to an assault by contact charge in 2008 without his
consent.  Castillo contends entrance of
the plea caused revocation of his parole and his return to incarceration.

            Because we doubted our authority to consider Castillos application,
we provided him the opportunity to demonstrate our jurisdiction.  He has submitted a response, filed March
14.  We have reviewed his application and
his March 14 filing. 

            This Courts jurisdiction over original proceedings is
limited to that granted us by the Constitution and laws of our state.  Tex. Const., art. V, § 6 (courts of appeals
shall have such other jurisdiction, original and appellate, as may be
prescribed by law).  Our authority to
issue writs of habeas corpus is limited to those for persons restrained in our
court of appeals district by virtue of a court order in a civil case. Tex. Gov't Code § 22.221(d) (West 2010).  We have no original habeas corpus
jurisdiction in criminal matters.  Watson v. State, 96 S.W.3d 497, 500 (Tex.App.Amarillo 2002, pet. refd);
Ex parte Hearon, 3 S.W.3d 650, 650 (Tex.App.Waco
1999, orig. proceeding); Ex parte
Layton, 928 S.W.2d 781 (Tex.App.--Amarillo 1996,
orig. proceeding); see Tex. Code
Crim. Proc. Ann. art. 4.03 (West 2009) (criminal jurisdiction of courts of
appeals); cf. Tex. Code Crim. Proc.
Ann. arts. 4.04 (West 2009) (jurisdiction of court of
criminal appeals); 11.05 (habeas corpus jurisdiction) (West 2010).  Our habeas corpus jurisdiction in criminal matters
is appellate only. 
Dodson v. State,
988 S.W.2d 833, 835 (Tex.App.San Antonio 1999, no
pet.).

The
restraint on his liberty Castillo describes in his application arises from
criminal proceedings.  Accordingly, we have
no jurisdiction to consider it.  The
application is dismissed. 

 

                                                                                                James
T. Campbell

                                                                                                            Justice