NO. 07-08-0216-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 4, 2008
______________________________

IN RE VINCENT FRIEMEL
_______________________________
 
Before CAMPBELL and HANCOCK and PIRTLE, JJ.
ON PETITION FOR WRIT OF HABEAS CORPUS
          Pending before the Court is the petition filed by relator Vincent Friemel, seeking a
writ of habeas corpus compelling his immediate release from the Moore County jail. His
petition states he has been held there on a “blue warrant”


 since February 7, 2008, without
a preliminary hearing. His petition further contends he should be released because, by
calculating time served, time credited and “street-time”


 he has served his full sentence of
incarceration in the institutional division of the Texas Department of Criminal Justice for 
felony driving while intoxicated. We will dismiss his petition for writ of habeas corpus for
want of jurisdiction. 
          Where, as here, an order of restraint arises in a criminal proceeding we are not
empowered to act on a petition for writ of habeas corpus. Ex parte Layton, 928 S.W.2d
781, 782 (Tex.App.–Amarillo 1996, orig. proceeding) (citing Tex. Gov’t Code Ann. § 22.221
(Vernon Supp. 1996)) (jurisdiction of court of appeals to issue writ of habeas corpus is
limited to petitioner seeking release from restraint imposed for violation or enforcement of
previous order in a civil case). Rather, the Texas Court of Criminal Appeals has exclusive
jurisdiction over post-conviction writs of habeas corpus in felony cases. Board of Pardons
and Paroles ex. rel. Keene v. Court of Appeals for the Eighth Dist., 910 S.W.2d 481, 483
(Tex.Crim.App.1995); In re Briscoe, 230 S.W.3d 196, 196 (Tex.App.–Houston [14th Dist.]
2006, orig. proceeding) (stating that courts of appeal have no jurisdiction over post-conviction writs of habeas corpus in felony cases); Tex. Code Crim. Proc. Ann. art 11.07
§ 3 (Vernon Supp. 2007). 
          Accordingly, the petition for writ of habeas corpus is dismissed for want of
jurisdiction.
 
                                                                           James T. Campbell 

                                                                                    Justice