Opinion issued November 30, 2009








In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-08-00763-CV

____________


IN RE MICHAEL MCLANE, Relator






Original Proceeding on Petition for Writ of Habeas Corpus






MEMORANDUM OPINION

 Relator filed with this Court a document entitled, "Petition for Writ of Habeas
Corpus." Because the document requests both appellate and habeas corpus relief, this
Court assigned it two cause numbers, 01-08-00363-CV for the appeal and 01-08-00763-CV for the request for habeas corpus relief. Earlier this year, this Court
dismissed the appeal for want of jurisdiction. McLane v. Department of Family and
Protective Services, 01-08-00363-CV, 2009 Tex. App. LEXIS 2630 (Tex.
App.--Houston [1st Dist.] April 16, 2009, no pet.). We now consider the request for
habeas corpus relief.

 Relator asserts that he is illegally restrained by virtue of the trial court's
"Temporary Orders," which appoint the Department of Family and Protective
Services the temporary managing conservator of his son and limit relator's right to
possession of and access to the child. We dismiss for want of jurisdiction.

 This Court's original jurisdiction to grant habeas corpus relief derives from
Texas Government Code, section 22.221(d), which provides:

 the court of appeals of a court of appeals district in which a person is
restrained in his liberty, or a justice of the court of appeals, may issue a
writ of habeas corpus when it appears that the restraint of liberty is by
virtue of an order, process, or commitment issued by a court or judge
because of the violation of an order, judgment, or decree previously
made, rendered, or entered by the court or judge in a civil case.


Tex. Gov't Code Ann. § 22.221(d) (Vernon 2004). An original habeas corpus
proceeding is a collateral attack on a contempt decree. See Ex parte Rohelder, 424
S.W.2d 891, 892 (Tex. 1967). 

 Here relator has not shown that the relief he requests is authorized by §
22.221(d). Relator has not shown that he has been held in contempt. In Ex parte
Sarao, 583 S.W.2d 438 (Tex. Civ. App.--Houston [1st Dist.] 1979, no writ), this
Court, construing the substantively similar predecessor statute to section 22.221(d),
held that it did not have original jurisdiction to grant habeas corpus relief in a child
custody case when it did not appear that the order complained of was issued by virtue
of a violation of an order theretofore made, rendered, or entered in the cause. Id. at
439. We reach the same conclusion in this case.

 We have examined the legal authorities relator cites to support this Court's
jurisdiction in this case and hold that none of them does so. To support this Court's
jurisdiction, relator first cites Texas Constitution article 1, section 12. This article
guarantees that the writ of habeas corpus is a writ of right, never to be suspended. 
Tex. Const. art. 1, § 12. It does not confer authority on the courts of appeals to grant
writs of habeas corpus, but rather authorizes the Legislature to enact laws to render
the remedy speedy and effective. Id. 

 Next, relator cites Texas Family Code section 157.372. It provides:

 Subject to Chapter 152 and the Parental Kidnapping Prevention Act (28
U.S.C. Section 1738A), if the right to possession of a child is governed
by a court order, the court in a habeas corpus proceeding involving the
right to possession of the child shall compel return of the child to the
relator only if the court finds that the relator is entitled to posssession
under the order.

 

Tex. Fam. Code Ann. § 157.372(a) (Vernon Supp. 2009). Within the Family Code,
this section is located in Title 5, The Parent-Child Relationship and the Suit Affecting
the Parent-Child Relationship. When § 157.372(a) is read in context with the other
sections in the title, chapter, and subchapter in which it is located, it is obvious that
the word "court" in § 157.372 refers to a trial court and not a court of appeals. The
section which precedes it, section 157.371 Jurisdiction, subsection (b) makes it clear
that while a habeas corpus proceeding is not a suit affecting the parent-child
relationship, the court involved in such a proceeding may refer to the provisions of
Title 5 for definitions and procedures as appropriate. Tex. Fam. Code Ann. §
157.371(b) (Vernon 2008). The definition of "court," within Title 5 is "the district
court, juvenile court having the same jurisdiction as a district court, or other court
given jurisdiction of a suit affecting the parent-child relationship." Tex. Fam. Code
Ann. § 101.008 (Vernon 2008). A court of appeals does not fit this definition.

 Relator next cites Texas Family Code sections 153.004 and 153.131.
Respectively they deal with consideration of a person's history of domestic violence
in determining conservatorship for a child, see Tex. Fam. Code Ann. § 153.004
(Vernon Supp. 2009), and the presumption that a parent should be appointed a child's
managing conservator. See Tex. Fam. Code Ann. § 153.131 (Vernon 2008). The
definition of the word, "court" in these two sections, is the same as determined in our
discussion of § 157.372 in the preceding paragraph. Accordingly, neither § 153.004
nor § 153.131 supports establishment of jurisdiction for this Court to consider
relator's petition.

 Relator generally cites the "Gov Code." Because relator does not specify a
particular provision of the Government Code and develop an argument to support his
contention that the Government Code supports this Court's jurisdiction in this case,
we hold that relator has waived consideration of the Government Code as a basis for
jurisdiction. See City of El Paso v. Zarate, 917 S.W.2d 326, 331 (Tex. App.--El Paso
1996, no pet.) (holding failure to cite authority in support of contention on appeal
waives contention).

 Relator's citation to Texas Rule of Appellate Procedure 52 does not support
this Court's jurisdiction in this case. Rule 52 merely provides procedures for an
original proceeding to be filed in the Supreme Court and in courts of appeal. The rule
contains no language conferring original habeas corpus jurisdiction on courts of
appeal to consider a trial court's temporary orders. 

 Finally, relator's citation to Texas Penal Code section 39.03 is unavailing. It
has nothing to do with this Court's authority to exercise jurisdiction over an original
habeas corpus proceeding. It is a provision that describes the offense of official
oppression. See Tex. Pen. Code Ann. § 39.03 (Vernon 2003).

 We dismiss relator's petition for writ of habeas corpus for want of jurisdiction.

PER CURIAM

Panel consists of Justices Keyes, Alcala, and Hanks.