NO.  07-10-0048-CV

 

IN THE COURT OF
APPEALS

 

FOR THE SEVENTH
DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL B

 

FEBRUARY 24, 2010

_____________________________

 

IN RE RICARDO
GUTIERREZ, RELATOR

_____________________________

 

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 

 

MEMORANDUM OPINION

 

 

Ricardo Gutierrez has filed a document with
this Court entitled “Writ of Error Coram Nobis.”  In looking to the substance of this document,
we conclude that Gutierrez is not seeking the issuance of a writ of error coram nobis,[1]
but appears to be seeking the issuance of a writ of habeas corpus or writ of
mandamus.  Through his filing, Gutierrez
contends that this Court was without jurisdiction to conditionally grant his
petition for writ of mandamus in cause number 07-00-0482-CV.  Gutierrez prays that this Court vacate its
conditional grant of writ of mandamus in cause number 07-00-0482-CV, reverse
the trial court’s Order Setting Aside Judgment and Sentence in cause number B
2720-9209 in the 242nd District Court of Swisher County, Texas, and
reinstate the judgment of conviction and sentence originally imposed in that cause.

            To
the extent that Gutierrez is requesting habeas corpus relief, we are not
empowered to act on a petition for writ of habeas corpus arising from an order
of restraint issued after a criminal proceeding.  Ex parte Layton, 928
S.W.2d 781, 782 (Tex.App.--Amarillo 1996, orig.
proceeding) (citing Tex. Gov't Code Ann.
§ 22.221 (Vernon Supp. 1996)) (jurisdiction of court of appeals to issue writ
of habeas corpus is limited to petitioner seeking release from restraint
imposed for violation or enforcement of previous order in a civil case).  Rather, the Texas Court of Criminal Appeals
has exclusive jurisdiction over post-conviction writs of habeas corpus in
felony cases.  See Tex. Code Crim. Proc. Ann. art 11.07, §
3 (Vernon Supp. 2007); Bd. of Pardons and Paroles ex. rel. Keene v. Court of
Appeals for the Eighth Dist., 910 S.W.2d 481, 483 (Tex.Crim.App.
1995); In re Briscoe, 230 S.W.3d 196, 196 (Tex.App.-Houston
[14th Dist.] 2006, orig. proceeding) (stating that courts of appeal have no
jurisdiction over post-conviction writs of habeas corpus in felony cases).

            However,
it appears more likely that Gutierrez is requesting mandamus relief.  But, he is requesting this Court issue a writ
of mandamus against itself.  This court's
authority to grant writs of mandamus is limited.  A court of appeals is authorized to issue a
writ of mandamus: (1) in any case when necessary to enforce its jurisdiction;
and (2) in cases in which relief is sought against a judge of a district or
county court in the court of appeals district; or a judge of a district court
who is acting as a magistrate at a court of inquiry in the court of appeals
district.  In re Hettler,
110 S.W.3d 152, 154 (Tex.App.--Amarillo 2003, orig.
proceeding).  We have no authority to
issue a writ of mandamus against an official not prescribed by statute. See Casner v. Rosas,
943 S.W.2d 937, 938 (Tex.App.--El Paso 1997, no
writ).  The statute does not authorize
a court of appeals to issue a writ of mandamus against itself.

            For
the foregoing reasons, we conclude that we are without jurisdiction to grant Guterriez the relief sought by his “Writ of Error Coram Nobis” and, accordingly, dismiss the same for want of
jurisdiction.

 

                                                                                                Mackey
K. Hancock                                                                                                                                     Justice

 

            

 











[1]  A writ of error coram nobis
is a common law procedural tool to correct errors of fact only.  Its function is to bring before the court
that rendered judgment matters of fact that, if known at the time judgment was
rendered, would have prevented rendition. 
See Black’s Law Dictionary
235 (6th ed. 1991).  By his
document, Guttierrez contends that this Court
committed an error of law rather than an error of fact.  Thus, we conclude that the document is not a
writ of error coram nobis.