NO. 07-10-0048-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 24, 2010
_____

IN RE RICARDO GUTIERREZ, RELATOR
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Ricardo Gutierrez has filed a document with this Court entitled "Writ of Error Coram Nobis." In looking to the substance of this document, we conclude that Gutierrez is not seeking the issuance of a writ of error coram nobis,[1] but appears to be seeking the issuance of a writ of habeas corpus or writ of mandamus. Through his filing, Gutierrez contends that this Court was without jurisdiction to conditionally grant his petition for writ of mandamus in cause number 07-00-0482-CV. Gutierrez prays that this Court vacate its conditional grant of writ of mandamus in cause number 07-00-0482-CV, reverse the trial court's Order Setting Aside Judgment and Sentence in cause

_____

[1] A writ of error coram nobis is a common law procedural tool to correct errors of fact only. Its function is to bring before the court that rendered judgment matters of fact that, if known at the time judgment was rendered, would have prevented rendition. See BLACK'S LAW DICTIONARY 235 (6th ed. 1991). By his document, Guttierrez contends that this Court committed an error of law rather than an error of fact. Thus, we conclude that the document is not a writ of error coram nobis.

number B 2720-9209 in the 242nd District Court of Swisher County, Texas, and reinstate the judgment of conviction and sentence originally imposed in that cause.

To the extent that Gutierrez is requesting habeas corpus relief, we are not empowered to act on a petition for writ of habeas corpus arising from an order of restraint issued after a criminal proceeding. Ex parte Layton, 928 S.W.2d 781, 782 (Tex.App.--Amarillo 1996, orig. proceeding) (citing TEX. GOV'T CODE ANN. § 22.221 (Vernon Supp. 1996)) (jurisdiction of court of appeals to issue writ of habeas corpus is limited to petitioner seeking release from restraint imposed for violation or enforcement of previous order in a civil case). Rather, the Texas Court of Criminal Appeals has exclusive jurisdiction over post-conviction writs of habeas corpus in felony cases. See TEX. CODE CRIM. PROC. ANN. art 11.07, § 3 (Vernon Supp. 2007); Bd. of Pardons and Paroles ex. rel. Keene v. Court of Appeals for the Eighth Dist., 910 S.W.2d 481, 483 (Tex.Crim.App. 1995); In re Briscoe, 230 S.W.3d 196, 196 (Tex.App.-Houston [14th Dist.] 2006, orig. proceeding) (stating that courts of appeal have no jurisdiction over post-conviction writs of habeas corpus in felony cases).

However, it appears more likely that Gutierrez is requesting mandamus relief. But, he is requesting this Court issue a writ of mandamus against itself. This court's authority to grant writs of mandamus is limited. A court of appeals is authorized to issue a writ of mandamus: (1) in any case when necessary to enforce its jurisdiction; and (2) in cases in which relief is sought against a judge of a district or county court in the court of appeals district; or a judge of a district court who is acting as a magistrate at a court of inquiry in the court of appeals district. In re Hettler, 110 S.W.3d 152, 154 (Tex.App.-- Amarillo 2003, orig. proceeding). We have no authority to issue a writ of mandamus

against an official not prescribed by statute. <u>See</u> <u>Casner v. Rosas</u>, 943 S.W.2d 937, 938 (Tex.App.--El Paso 1997, no writ).  The statute does not authorize a court of appeals to issue a writ of mandamus against itself.

For the foregoing reasons, we conclude that we are without jurisdiction to grant Guterriez the relief sought by his "Writ of Error Coram Nobis" and, accordingly, dismiss the same for want of jurisdiction.

Mackey K. Hancock
Justice