NO. 07-10-0048-CV
 
 IN THE COURT OF APPEALS
 
 FOR THE SEVENTH DISTRICT OF TEXAS
 
 AT AMARILLO
 
 PANEL B
 
 FEBRUARY 24, 2010
 _____________________________
 
 IN RE RICARDO GUTIERREZ, RELATOR
 _____________________________
 
Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
 MEMORANDUM OPINION
 
 
Ricardo Gutierrez has filed a document with this Court entitled "Writ of Error Coram Nobis." In looking to the substance of this document, we conclude that Gutierrez is not seeking the issuance of a writ of error coram nobis, but appears to be seeking the issuance of a writ of habeas corpus or writ of mandamus. Through his filing, Gutierrez contends that this Court was without jurisdiction to conditionally grant his petition for writ of mandamus in cause number 07-00-0482-CV. Gutierrez prays that this Court vacate its conditional grant of writ of mandamus in cause number 07-00-0482-CV, reverse the trial court's Order Setting Aside Judgment and Sentence in cause number B 2720-9209 in the 242[nd] District Court of Swisher County, Texas, and reinstate the judgment of conviction and sentence originally imposed in that cause.
 To the extent that Gutierrez is requesting habeas corpus relief, we are not empowered to act on a petition for writ of habeas corpus arising from an order of restraint issued after a criminal proceeding. Ex parte Layton, 928 S.W.2d 781, 782 (Tex.App.--Amarillo 1996, orig. proceeding) (citing Tex. Gov't Code Ann. § 22.221 (Vernon Supp. 1996)) (jurisdiction of court of appeals to issue writ of habeas corpus is limited to petitioner seeking release from restraint imposed for violation or enforcement of previous order in a civil case). Rather, the Texas Court of Criminal Appeals has exclusive jurisdiction over post-conviction writs of habeas corpus in felony cases. See Tex. Code Crim. Proc. Ann. art 11.07, § 3 (Vernon Supp. 2007); Bd. of Pardons and Paroles ex. rel. Keene v. Court of Appeals for the Eighth Dist., 910 S.W.2d 481, 483 (Tex.Crim.App. 1995); In re Briscoe, 230 S.W.3d 196, 196 (Tex.App.-Houston [14th Dist.] 2006, orig. proceeding) (stating that courts of appeal have no jurisdiction over post-conviction writs of habeas corpus in felony cases).
 However, it appears more likely that Gutierrez is requesting mandamus relief. But, he is requesting this Court issue a writ of mandamus against itself. This court's authority to grant writs of mandamus is limited. A court of appeals is authorized to issue a writ of mandamus: (1) in any case when necessary to enforce its jurisdiction; and (2) in cases in which relief is sought against a judge of a district or county court in the court of appeals district; or a judge of a district court who is acting as a magistrate at a court of inquiry in the court of appeals district. In re Hettler, 110 S.W.3d 152, 154 (Tex.App.--Amarillo 2003, orig. proceeding). We have no authority to issue a writ of mandamus against an official not prescribed by statute. See Casner v. Rosas, 943 S.W.2d 937, 938 (Tex.App.--El Paso 1997, no writ). The statute does not authorize a court of appeals to issue a writ of mandamus against itself.
 For the foregoing reasons, we conclude that we are without jurisdiction to grant Guterriez the relief sought by his "Writ of Error Coram Nobis" and, accordingly, dismiss the same for want of jurisdiction.

 Mackey K. Hancock Justice