NO. 07-11-00096-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL D

 



MARCH
25, 2011

 



 

EX PARTE RODOLFO M. CASTILLO



 



 

 

Before QUINN,
C.J., and CAMPBELL and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

On March 1, 2011, Rodolfo M. Castillo, acting pro se, filed an application for writ of
habeas corpus as an original proceeding in this Court.  See
Tex. R. App. P. 52 (original proceedings). 
His basic contention in the application is that his retained counsel
entered a “no contest” plea to an assault by contact charge in 2008 without his
consent.  Castillo contends entrance of
the plea caused revocation of his parole and his return to incarceration.

            Because we doubted our authority to consider Castillo’s application,
we provided him the opportunity to demonstrate our jurisdiction.  He has submitted a response, filed March
14.  We have reviewed his application and
his March 14 filing. 

            This Court’s jurisdiction over original proceedings is
limited to that granted us by the Constitution and laws of our state.  Tex. Const., art. V, § 6 (courts of appeals
shall “have such other jurisdiction, original and appellate, as may be
prescribed by law”).  Our authority to
issue writs of habeas corpus is limited to those for persons restrained in our
court of appeals district by virtue of a court order in a civil case. Tex. Gov't Code § 22.221(d) (West 2010).  We have no original habeas corpus
jurisdiction in criminal matters.  Watson v. State, 96 S.W.3d 497, 500 (Tex.App.—Amarillo 2002, pet. ref’d);
Ex parte Hearon, 3 S.W.3d 650, 650 (Tex.App.—Waco
1999, orig. proceeding); Ex parte
Layton, 928 S.W.2d 781 (Tex.App.--Amarillo 1996,
orig. proceeding); see Tex. Code
Crim. Proc. Ann. art. 4.03 (West 2009) (criminal jurisdiction of courts of
appeals); cf. Tex. Code Crim. Proc.
Ann. arts. 4.04 (West 2009) (jurisdiction of court of
criminal appeals); 11.05 (habeas corpus jurisdiction) (West 2010).  Our habeas corpus jurisdiction in criminal matters
is appellate only. 
Dodson v. State,
988 S.W.2d 833, 835 (Tex.App.—San Antonio 1999, no
pet.).

The
restraint on his liberty Castillo describes in his application arises from
criminal proceedings.  Accordingly, we have
no jurisdiction to consider it.  The
application is dismissed. 

 

                                                                                                James
T. Campbell

                                                                                                            Justice