NO. 07-11-00096-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MARCH 25, 2011

EX PARTE RODOLFO M. CASTILLO

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

On March 1, 2011, Rodolfo M. Castillo, acting *pro se*, filed an application for writ of habeas corpus as an original proceeding in this Court. *See* Tex. R. App. P. 52 (original proceedings). His basic contention in the application is that his retained counsel entered a "no contest" plea to an assault by contact charge in 2008 without his consent. Castillo contends entrance of the plea caused revocation of his parole and his return to incarceration.

Because we doubted our authority to consider Castillo's application, we provided him the opportunity to demonstrate our jurisdiction. He has submitted a response, filed March 14. We have reviewed his application and his March 14 filing.

This Court's jurisdiction over original proceedings is limited to that granted us by the Constitution and laws of our state. Tex. Const., art. V, § 6 (courts of appeals shall "have such other jurisdiction, original and appellate, as may be prescribed by law"). Our

authority to issue writs of habeas corpus is limited to those for persons restrained in our court of appeals district by virtue of a court order in a civil case. Tex. Gov't Code § 22.221(d) (West 2010). We have no original habeas corpus jurisdiction in criminal matters. *Watson v. State*, 96 S.W.3d 497, 500 (Tex.App.—Amarillo 2002, pet. ref'd); *Ex parte Hearon*, 3 S.W.3d 650, 650 (Tex.App.—Waco 1999, orig. proceeding); *Ex parte Layton*, 928 S.W.2d 781 (Tex.App.--Amarillo 1996, orig. proceeding); *see* Tex. Code Crim. Proc. Ann. art. 4.03 (West 2009) (criminal jurisdiction of courts of appeals); *cf.* Tex. Code Crim. Proc. Ann. arts. 4.04 (West 2009) (jurisdiction of court of criminal appeals); 11.05 (habeas corpus jurisdiction) (West 2010). Our habeas corpus jurisdiction in criminal matters is appellate only. *Dodson v. State*, 988 S.W.2d 833, 835 (Tex.App.—San Antonio 1999, no pet.).

The restraint on his liberty Castillo describes in his application arises from criminal proceedings. Accordingly, we have no jurisdiction to consider it. The application is dismissed.

James T. Campbell
Justice
