

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

---

No. 02-21-00083-CV

---

IN RE L.J., Relator

---

Original Proceeding
442nd District Court of Denton County, Texas
Trial Court No. 19-7757-362

---

Before Sudderth, C.J.; Kerr and Womack, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

Relator L.J. (Mother) filed a "Petition for Writ of Mandamus and for Writ of Habeas Corpus" asking us to direct the trial court to dismiss the underlying parental-rights termination case and order her child returned to her because the trial court's subject-matter jurisdiction had expired, *see* Tex. Fam. Code Ann. § 263.401, and because its postexpiration order attempting to extend its jurisdiction was void, *see In re J.R.*, No. 02-21-00060-CV, 2021 WL 1421448, at *3 (Tex. App.—Fort Worth Apr. 15, 2021, orig. proceeding). We agree with Mother and conditionally grant her mandamus relief. Lacking jurisdiction to grant her habeas corpus relief, we dismiss her writ of habeas corpus.

## Background

The trial court signed an emergency order appointing the Texas Department of Family and Protective Services (the Department) as temporary sole managing conservator of Mother's children[1] on August 23, 2019. On August 25, 2020, the trial court signed an order extending the dismissal date to February 20, 2021, and setting November 16, 2020, as the final-trial date. The case never went to trial, and on March 12, 2021—about three weeks after the dismissal date—Mother filed a motion to dismiss. The trial court denied Mother's motion on the same day that she filed it. On March 16, 2021, relying on the Texas Supreme Court's "Thirty-Sixth Emergency

---

[1]The Department's suit involving one of Mother's children was later severed, and its suit involving that child is not before us.

Order Regarding the COVID-19 State of Disaster," the trial court signed an order purporting to retain the Department's case on its docket by extending the dismissal deadline to September 1, 2021, and setting August 16, 2021, as the new trial date. Mother responded by filing this original proceeding with us on March 25, 2021.

## Mandamus Discussion

We have recently addressed and resolved this issue in Mother's favor. *See id.* The trial court's subject-matter jurisdiction expired on February 20, 2021, and its later attempt to extend the dismissal deadline was void for want of jurisdiction. *Id.*; *see In re A.F.*, No. 02-19-00117-CV, 2019 WL 4635150, at *10 (Tex. App.—Fort Worth Sept. 24, 2019, no pet.). We thus conditionally grant a writ of mandamus and direct the trial court to dismiss the underlying case. *See* Tex. R. App. P. 52.8(c). Our writ will issue only if the trial court fails to comply.

## Habeas Corpus Discussion

Our original habeas corpus jurisdiction is limited to instances in which a person "is restrained in his liberty" and "when it appears that the restraint of liberty is by virtue of an order, process, or commitment issued by a court or judge because of the violation of an order, judgment, or decree previously made, rendered, or entered by the court or judge in a civil case." Tex. Gov't Code Ann. § 22.221(d); *see Ex parte Layton*, 928 S.W.2d 781, 782 (Tex. App.—Amarillo 1996, orig. proceeding). Because the possession issue does not fall within this limited scope, we do not have original habeas corpus jurisdiction to order a return of Mother's child to her. *See Ex parte*

3

*Sarao*, 583 S.W.2d 438, 438–39 (Tex. App.—Houston [1st Dist.] 1979, orig. proceeding). Thus, to the extent Mother sought habeas relief, we dismiss her petition for want of jurisdiction. *See Layton*, 928 S.W.2d at 782; *Sarao*, 583 S.W.2d at 439.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered:  April 29, 2021