**Michael B. DODSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 04–98–00964–CR to 04–98–00966–CR**

Court of Appeals of Texas,
San Antonio.

Feb. 24, 1999.

Adrienne Urrutia Zuflacht, San Antonio, for Appellant.

Susan D. Reed, Criminal District Attorney, San Antonio, for Appellee.

Before ALMA L. LÓPEZ, Justice, CATHERINE STONE, Justice and PAUL W. GREEN, Justice.

### OPINION

ALMA L. LÓPEZ, Justice.

Appellant seeks appellate review of the trial court's determination that his plenary jurisdiction to rule on a post-judgment motion for "shock probation" had expired. Following our own jurisdictional review, and a show cause order, we reluctantly conclude that this is an out-of-time appeal over which we have neither original nor appellate jurisdiction. This matter can only be addressed by the Texas Court of Criminal Appeals. It is unfortunate that appellant, through no fault of his attorney, finds himself in this procedural quandry.

#### PROCEDURAL EVENTS

On May 19, 1998, Michael B. Dodson was sentenced to two years' imprisonment for felony theft. The court also revoked Dodson's probation sentences regarding two previous drug convictions and sentenced him to six years' imprisonment for those offenses. He was remanded to the Bexar County Sheriff's custody and held in the Bexar County Jail until July 3, 1998, when he was transferred to the Texas Department of Criminal Justice, Institutional Division (TDCJID).

---

On August 14, 1998, Dodson's counsel timely filed motions requesting shock probation pursuant to the Texas Code of Criminal Procedure, Article 42.12, § 6(a). Counsel diligently communicated with the court's coordinator as to the appropriate time to present the motions to the court and she brought the matter to the court's attention. The judge initially told her that it was too early to consider the motions and that he would do so closer to the 180–day deadline—the time his continuing jurisdiction would expire.

On October 27, 1998, the court reviewed the motions and wrote on them: "10/27/98 granted, Raymond Angelini, set 11–17–98." On October 28, the court coordinator telephoned appellant's attorney and told him that the motions for shock probation were "approved," and that Dodson would be transported back from TDCJID for a hearing. At this point, a communications snafu occurred. Appellant's counsel understood this message to mean that his motions had been granted and that the hearing was a mere formality. The court coordinator later testified that in her mind motion approval meant that "we bring him back for his hearing for shock probation." And, unfortunately, the court coordinator failed to notify the assistant district attorney of the hearing scheduled for November 17, 1998.

On Friday, November 13, 1998, Dodson arrived back at the Bexar County Jail and was brought to court on Tuesday, November 17, 1998, for the hearing. At the hearing, the prosecutor objected that the court lacked jurisdiction to consider the motions because 182 days had passed since the date Dodson had been sentenced. The trial court concluded that after the expiration of 180 days, his authority to conduct the hearing had ceased, and he denied the motions. Dodson's counsel immediately sought to appeal these decisions.

### JURISDICTION

■ We are constrained to consider several legal issues raised in these appeals because an order entered pursuant to Article 42.12 § 6 is not appealable. *See Basaldua v. State,* 558 S.W.2d 2, 5 (Tex.Crim.App.1977). The right to appeal is conferred by the Legislature, and a party may appeal only that which the Legislature has authorized. *Marin v. State,* 851 S.W.2d 275, 278 (Tex.Crim. App.1993). An order denying shock probation is not among those so authorized. *See Houlihan v. State,* 579 S.W.2d 213, 215–16 (Tex.Crim.App.1979).

■ Dodson's argument is that these appeals concern the court's perceived lack of jurisdiction rather than the denial of such an order. However, as the time to invoke appellate jurisdiction expired thirty days following imposition of the sentences, we, too, are without authority to consider the matter. *See* Tex.R.App. P. 26.2(a)(1), (2); *Perez v. State,* 938 S.W.2d 761, 763 (Tex.App.—Austin 1997, pet. ref'd).

Dodson's dilemma raises several legal questions which beg resolution. His counsel argues that Texas law is unclear as to what event triggers the 180–day period of continuing jurisdiction for purposes of Article 42.12 § 6. Is it the day a prisoner is sentenced or the day he is transported to a state prison? *Compare Smith v. State,* 789 S.W.2d 590 (Tex.Crim.App.1990) (Clinton, J., concurring) (controlling date not date sentence is pronounced) *with State v. Dean,* 895 S.W.2d 814 (Tex.App.—Houston [14th] 1995, pet. ref'd) (no need for penitentiary confinement to grant shock probation).

Secondly, what action constitutes the "granting" of a motion for shock probation? If the trial court has decided to put the State to the expense of transporting a prisoner back to court for a shock probation hearing, it is highly likely the court intends to grant the requested relief. When the order setting the hearing occurs within the 180–day period, does the court have jurisdiction to complete the process outside of that time? *See State v. McDonald,* 642 S.W.2d 492, 493 (Tex.Crim. App.1982) (Teague, J., dissenting) (rigid application of shock probation deadline after district court set hearing outside 180–day time period rendered "unjust result").

Dodson's counsel asks a third question: what remedies are available if, through no fault of his own, a defendant is deprived of a hearing within the 180–day period? In this case, Dodson had actually been returned to

the Bexar County Jail within 180 days of the imposition of sentence—the strictest construction of the first question raised here. Neither the appellant nor his counsel has control over the court's docket—nor should they. However, when counsel has been exceedingly diligent, as is the case presented here, in seeking this relief, the quest for fundamental fairness is a valid one to consider.

In *Basaldua*, the court of criminal appeals, after recognizing it had no jurisdiction over a direct appeal to review an order modifying probation, nevertheless, found that it could do so under its original habeas corpus jurisdiction. *See Basaldua*, 558 S.W.2d at 5; TEX.CODE CRIM. PROC. ANN. art. 11.07, § 3(a) (Vernon Supp.1998). The courts of appeals have no original habeas corpus jurisdiction in criminal matters; their jurisdiction is appellate only. *Norris v. State*, 630 S.W.2d 362, 364 (Tex.App.—Houston [1st Dist.] 1982, no pet.); *Ex parte Denby*, 627 S.W.2d 435, 435 (Tex.App.—Houston [1st Dist.] 1981, no pet.), *cert. denied*, 462 U.S. 1110, 103 S.Ct. 2461, 77 L.Ed.2d 1338 (1983). Accordingly, we must dismiss these appeals for want of jurisdiction.