In re Richard Scott















IN THE
TENTH COURT OF APPEALS
 

No. 10-00-093-CR

EX PARTE RICHARD SCOTT
 

 Original Proceeding
                                                                                                                

O P I N I O N
                                                                                                                

      Richard Scott filed a pro se application for writ of habeas corpus with this Court asserting
that, although he is presently free on bail, he is “being threatened with further detention and
restraint of his liberty.” 
      This Court does not have original habeas jurisdiction in criminal law matters. Ex parte
Hearon, 3 S.W.3d 650 (Tex. App.—Waco 1999) (citing Dodson v. State, 988 S.W.2d 833,
835 (Tex. App.—San Antonio 1999, no pet.), and Sanders v. State, 771 S.W.2d 645, 650
(Tex. App.—El Paso 1989, pet. ref’d)). Accordingly, we dismiss Scott’s habeas application
for want of jurisdiction. 

                                                                       PER CURIAM

Before Chief Justice Davis,
          Justice Vance, and
          Justice Gray
Dismissed
Opinion delivered and filed March 22, 2000
Do not publish



 a new petition
alleging subsection Q as a ground for termination based on the two year time period prior to the
date of the filing of the new petition and it would not suffer from the retroactivity problem as
defined by the majority. 
      I have dissented from the litany of this Court’s cases discussed in the majority opinion with
one exception. I agree that to perform our duty to strictly scrutinize the termination of parental
rights, it is necessary to review claims of legal and factual insufficiency of the evidence that were
not properly raised in the trial court. See In the Interest of A.P. and I.P., 42 S.W.3d 248 (Tex.
App.—Waco 2001, no pet. h.). While I am bound by the prior decisions of this Court, because
of the recency of those decisions and because motions for rehearing or petitions for review have
been filed in several of those cases, I feel it is nevertheless appropriate to note my dissent in this
case.
      Accordingly, I respectfully dissent from the majority opinion for the reasons expressed herein
and in the dissents to the opinions relied upon by the majority.
 
                                                                         TOM GRAY
                                                                         Justice

Dissenting opinion delivered and filed July 11, 2001
Publish