NO.
12-06-00282-CV

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

 

§          

 

 

IN RE: FREDERICK PEREZ,        §          ORIGINAL PROCEEDING

RELATOR

 

§          

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION

            Frederick
Perez has filed an application for writ of habeas corpus in this Court alleging
that he is being confined without bond pending disposition of the State’s
motion to proceed to final adjudication for the offense of possession of a
controlled substance.  Perez further
alleges that he has requested a hearing on the State’s motion within twenty
days pursuant to article 42.12, section 21(b) of the Texas Code of Criminal
Procedure and has also filed an application for writ of habeas corpus in the
trial court.  According to Perez, the
trial court has not acted on his application. 
Perez asks this Court to issue a writ of habeas corpus because of the
trial court’s failure to comply with article 42.12, section 21(b).[1]

            The courts
of appeals have no original habeas corpus jurisdiction in criminal matters.  Tex.
Gov’t Code Ann. § 22.221(d) (Vernon 2004); In re Adams,
No. 12-03-00055-CV, 2003 WL 660850, at *1 (Tex. App.–Tyler 2003, orig.
proceeding) (not designated for publication); Dodson v. State,
988 S.W.2d 833, 835 (Tex. App.–San Antonio 1999, no pet.).  Their jurisdiction is appellate 




only.  Dodson,
988 S.W.2d at 835.  Therefore, we are
without jurisdiction in this proceeding. 
Accordingly, Perez’s application is dismissed for want of
jurisdiction.

 

 

                                                                                                     SAM GRIFFITH    

                                                                                                              Justice

 

 

 

Opinion delivered August 16, 2006.

Panel consisted of Worthen, C.J.
and Griffith, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)











[1] Article
42.12, section 21(b) provides that a defendant may be arrested for violation of
any of the conditions of his community supervision.  On motion by a defendant who has not been
released on bail, the trial court shall cause the defendant to be brought
before it for a hearing within twenty days of filing the motion.  See Tex.
Code Crim. Proc. Ann. art. 42.12 § 21(b) (Vernon Pamph. Supp. 2006).