

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-07-00125-CV
_____

EX PARTE:
GARY LYNN ROBINSON

On Appeal from the 402nd Judicial District Court
Wood County, Texas
Trial Court No. 14,710-96

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Gary Lynn Robinson was convicted of aggravated assault January 29, 1997.  The original judgment sentenced Robinson to twenty years' imprisonment, contained an affirmative finding that a deadly weapon was used in the commission of the offense, and ordered Robinson to pay $138,658.85 in restitution.  Robinson did not timely appeal this judgment.  The Texas Court of Criminal Appeals granted relief on Robinson's application for writ of habeas corpus and awarded him an out-of-time appeal.  *See Ex parte Robinson*, No. AP-75,155 (Tex. Crim. App. Apr. 27, 2005) (not designated for publication).  On appeal, this Court reformed the judgment of the trial court to delete the deadly weapon finding and affirmed the judgment as modified.  *Robinson v. State*, No. 06-05-00129-CR, 2006 Tex. App. LEXIS 538 (Tex. App.—Texarkana Jan. 24, 2006, no pet.) (mem. op., not designated for publication).  Robinson did not complain about the restitution on direct appeal.[1]

On August 15, 2007, Robinson filed a document entitled "Petition for Expunction of Records" in which he requested the trial court to "delete, correct, and notify" numerous entities  that the affirmative deadly weapon finding had been deleted.[2]  The trial court dismissed the petition for "failing to assert any ground for relief" and "as frivolous" August 20, 2007.  On September 4, 2007,

---

[1]We take judicial notice of our file in cause number 06-05-00129-CR.

[2]We note that the mandate of this Court reforming the judgment of conviction and deleting the deadly weapon finding has been issued.  We further note the record contains a judgment nunc pro tunc, dated May 3, 2006, which deletes the deadly weapon finding.

2

Robinson filed another document entitled "Petition for Expunction of Records" with identical allegations. The trial court denied the second petition September 6, 2007. On appeal, Robinson complains the restitution was improperly added to the judgment in violation of the plea agreement and without notice or opportunity to defend.

First, Robinson did not complain to the trial court about the restitution in either document titled "Petition for Expunction of Records." Robinson has failed to preserve any error concerning restitution for appellate review. *See* TEX. R. APP. P. 33.1.

Second, to the extent Robinson's complaints could be considered an application for a writ of habeas corpus, this Court has no original habeas corpus jurisdiction in post-conviction criminal matters. *See* TEX. GOV'T CODE ANN. § 22.221 (Vernon 2004); *Dodson v. State*, 988 S.W.2d 833, 835 (Tex. App.—San Antonio 1999, no pet.). We note, while the appeal in this case was pending, Robinson filed an application for a writ of habeas corpus with the Texas Court of Criminal Appeals alleging identical claims as those presented in this case. The Texas Court of Criminal Appeals has recently denied relief—concluding Robinson could have raised these claims on direct appeal but failed to do so. *See Ex parte Robinson*, No. WR-40,449-08 (Tex. Crim. App. June 18, 2008) (not designated for publication).

Last, as noted by the trial court, Robinson fails to provide any grounds for the expunction of his conviction. Chapter 55 of the Texas Code of Criminal Procedure sets out the situations in which a person is entitled to expunction. TEX. CODE CRIM. PROC. ANN. ch. 55 (Vernon 2006 & Supp.

3

2007). Because Robinson has not met the requirements of the statute, the trial court did not err in refusing to order an expunction.

For the reasons stated, we affirm.


Jack Carter
Justice

Date Submitted:    June 17, 2008
Date Decided:    June 25, 2008