In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00125-CV


______________________________





EX PARTE:


GARY LYNN ROBINSON





 


On Appeal from the 402nd Judicial District Court


Wood County, Texas


Trial Court No. 14,710-96




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 Gary Lynn Robinson was convicted of aggravated assault January 29, 1997. The original
judgment sentenced Robinson to twenty years' imprisonment, contained an affirmative finding that
a deadly weapon was used in the commission of the offense, and ordered Robinson to pay
$138,658.85 in restitution. Robinson did not timely appeal this judgment. The Texas Court of
Criminal Appeals granted relief on Robinson's application for writ of habeas corpus and awarded
him an out-of-time appeal. See Ex parte Robinson, No. AP-75,155 (Tex. Crim. App. Apr. 27, 2005)
(not designated for publication). On appeal, this Court reformed the judgment of the trial court to
delete  the  deadly  weapon  finding  and  affirmed  the  judgment  as  modified.  Robinson  v.  State,
No. 06-05-00129-CR, 2006 Tex. App. LEXIS 538 (Tex. App.--Texarkana Jan. 24, 2006, no pet.)
(mem. op., not designated for publication). Robinson did not complain about the restitution on direct
appeal. (1)

 On August 15, 2007, Robinson filed a document entitled "Petition for Expunction of
Records" in which he requested the trial court to "delete, correct, and notify" numerous entities that
the affirmative deadly weapon finding had been deleted. (2) The trial court dismissed the petition for
"failing to assert any ground for relief" and "as frivolous" August 20, 2007. On September 4, 2007,
Robinson filed another document entitled "Petition for Expunction of Records" with identical
allegations. The trial court denied the second petition September 6, 2007. On appeal, Robinson
complains the restitution was improperly added to the judgment in violation of the plea agreement
and without notice or opportunity to defend.

 First, Robinson did not complain to the trial court about the restitution in either document
titled "Petition for Expunction of Records." Robinson has failed to preserve any error concerning
restitution for appellate review. See Tex. R. App. P. 33.1. 

 Second, to the extent Robinson's complaints could be considered an application for a writ of
habeas corpus, this Court has no original habeas corpus jurisdiction in post-conviction criminal
matters. See Tex. Gov't Code Ann. § 22.221 (Vernon 2004); Dodson v. State, 988 S.W.2d 833,
835 (Tex. App.--San Antonio 1999, no pet.). We note, while the appeal in this case was pending,
Robinson filed an application for a writ of habeas corpus with the Texas Court of Criminal Appeals
alleging identical claims as those presented in this case. The Texas Court of Criminal Appeals has
recently denied relief--concluding Robinson could have raised these claims on direct appeal but
failed to do so. See Ex parte Robinson, No. WR-40,449-08 (Tex. Crim. App. June 18, 2008) (not
designated for publication).

 Last, as noted by the trial court, Robinson fails to provide any grounds for the expunction of
his conviction. Chapter 55 of the Texas Code of Criminal Procedure sets out the situations in which
a person is entitled to expunction. Tex. Code Crim. Proc. Ann. ch. 55 (Vernon 2006 & Supp.
2007). Because Robinson has not met the requirements of the statute, the trial court did not err in
refusing to order an expunction.

 For the reasons stated, we affirm.


 

 Jack Carter

 Justice


Date Submitted: June 17, 2008

Date Decided: June 25, 2008

1. We take judicial notice of our file in cause number 06-05-00129-CR.
2. We note that the mandate of this Court reforming the judgment of conviction and deleting
the deadly weapon finding has been issued. We further note the record contains a judgment nunc
pro tunc, dated May 3, 2006, which deletes the deadly weapon finding.