*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

★ ★ ★ ★ ★ ★



# MEMORANDUM OPINION

No. 04-08-00608-CR

## IN RE Arthur **DUKES**

Original Habeas Corpus Proceeding[1]

PER CURIAM

Sitting:      Alma L. Lopez, Chief Justice
                Karen Angelini, Justice
                Phylis J. Speedlin, Justice

Delivered and Filed:   August 27, 2008

PETITION FOR WRIT OF HABEAS CORPUS DISMISSED FOR LACK OF JURISDICTION

On August 12, 2008, Arthur Dukes filed two original petitions for a writ of habeas corpus in this court. Dukes represents that he is confined in jail awaiting trial and has not been prosecuted in a timely manner. Thus, he seeks immediate release. This court, however, as an intermediate court of appeals, is not authorized to grant the relief requested.

Pursuant to section 22.221(d) of the Texas Government Code, in civil matters, a court of appeals "may issue a writ of habeas corpus when it appears that the restraint of liberty is by virtue of an order, process, or commitment issued by a court or judge because of the violation of an order, judgment, or decree previously made, rendered, or entered by the court or judge in a civil case." TEX. GOV'T CODE ANN. § 22.221(d) (Vernon 2004).  However, in criminal matters, a court of

---

[1] This proceeding arises out of Cause No. 2006-CR-8524, styled *The State of Texas v. Arthur Dukes*, pending in the 175th Judicial District Court, Bexar County, Texas, the Honorable Mary Roman presiding.

appeals has no original habeas corpus jurisdiction. *Watson v. State*, 96 S.W.3d 497, 500 (Tex. App.—Amarillo 2002, pet. ref'd); *Ex parte Hearon*, 3 S.W.3d 650, 650 (Tex. App.—Waco 1999, orig. proceeding); *Dodson v. State*, 988 S.W.2d 833, 835 (Tex. App.—San Antonio 1999, no pet.). In criminal matters, the courts authorized to issue writs of habeas corpus are the Texas Court of Criminal Appeals, the district courts, and the county courts. *See* TEX. CODE CRIM. PROC. ANN. art. 11.05 (Vernon 2005).

Additionally, Dukes is represented by counsel in the trial court. We conclude trial counsel is also Dukes's counsel for an original proceeding on the issue presented. Dukes is not entitled to hybrid representation. *See Patrick v. State*, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995). The absence of a right to hybrid representation means Dukes's pro se petition will be treated as presenting nothing for this court's review. *See id.*; *see also Gray v. Shipley*, 877 S.W.2d 806, 806 (Tex. App.—Houston [1st Dist.] 1994, orig. proceeding).

Accordingly, the habeas corpus petition is dismissed for lack of jurisdiction.

PER CURIAM

Do not publish