# NO. 12-09-00120-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE: DAVID GEORGE BAUGH,* *RELATOR* | § | |
| | § | *ORIGINAL PROCEEDING* |
| | § | |

---

### *MEMORANDUM OPINION*
### *PER CURIAM*

In this original proceeding, David George Baugh seeks a writ of habeas corpus and a declaratory judgment alleging that he is being unlawfully detained by the sheriff of Cherokee County, Texas. We dismiss the petition.

The Texas Government Code provides as follows:

> Concurrently with the supreme court, the court of appeals of a court of appeals district in which a person is restrained in his liberty, or a justice of the court of appeals, may issue a writ of habeas corpus when it appears that the restraint of liberty is by virtue of an order, process, or commitment issued by a court or judge because of the violation of an order, judgment, or decree previously made, rendered, or entered by the court or judge in a civil case. Pending the hearing of an application for a writ of habeas corpus, the court of appeals or a justice of the court of appeals may admit to bail a person to whom the writ of habeas corpus may be granted.

TEX. GOV'T CODE ANN. § 22.221(d) (Vernon 2004). Thus, the original jurisdiction of courts of appeals to issue a writ of habeas corpus is limited to those cases in which a person's liberty is restrained because the person has violated an order, judgment, or decree entered in a civil case. *Id.* Consequently, courts of appeals do not have original habeas corpus jurisdiction in criminal law matters. *Dodson v. State*, 988 S.W.2d 833, 835 (Tex. App.–San Antonio 1999, no pet.); *Ex parte Hawkins*, 885 S.W.2d 586, 588 (Tex. App.–El Paso 1994, no pet.). In such matters, their

jurisdiction is appellate only. ***Dodson***, 988 S.W.2d at 835.  Accordingly, we ***dismiss*** Baugh's habeas petition and request for declaratory judgment ***for want of jurisdiction***.

Opinion delivered April 30, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

2