Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio

**MEMORANDUM OPINION**

No. 04-09-00611-CV

**IN RE** Curtis W. **CLEVELAND**

Original Habeas Corpus Proceeding[1]

PER CURIAM

Sitting:       Catherine Stone, Chief Justice
Phylis J. Speedlin, Justice
Steven C. Hilbig, Justice

Delivered and Filed: October 14, 2009

PETITION FOR WRIT OF HABEAS CORPUS DISMISSED FOR LACK OF JURISDICTION

On September 28, 2009, relator Curtis W. Cleveland filed an original petition for a writ of habeas corpus in this court. Relator seeks to have his case dismissed. However, as an intermediate court of appeals, this court is not authorized to grant the relief requested.

Pursuant to section 22.221(d) of the Texas Government Code, in civil matters, a court of appeals "may issue a writ of habeas corpus when it appears that the restraint of liberty is by virtue of an order, process, or commitment issued by a court or judge because of the violation of an order, judgment, or decree previously made, rendered, or entered by the court or judge in a civil case."

---

[1] This proceeding arises out of Cause No. 2008-CR-10546, styled *State v. Curtis W. Cleveland*, pending in the 226th Judicial District Court, Bexar County, Texas, the Honorable Sid L. Harle presiding.

TEX. GOV'T CODE ANN. § 22.221(d) (Vernon 2004). However, in criminal matters, a court of appeals has no original habeas corpus jurisdiction. *Watson v. State*, 96 S.W.3d 497, 500 (Tex. App.—Amarillo 2002, pet. ref'd); *Dodson v. State*, 988 S.W.2d 833, 835 (Tex. App.—San Antonio 1999, no pet.). In criminal matters, the courts authorized to issue writs of habeas corpus are the Texas Court of Criminal Appeals, the district courts, and the county courts. *See* TEX. CODE CRIM. PROC. ANN. art. 11.05 (Vernon 2005). Therefore, we dismiss this petition for writ of habeas corpus for lack of jurisdiction.

PER CURIAM