COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-09-290-CR

 

 

GARY HARRINGTON                                                            APPELLANT

 

                                                   V.

 

THE
STATE OF TEXAS                                                                STATE

                                              ------------

             FROM THE 16TH
DISTRICT COURT OF DENTON COUNTY

                                              ------------

                                MEMORANDUM
OPINION[1]

                                              ------------








On
August 28, 2009, Appellant Gary Harrington filed a notice of appeal, attempting
to appeal the trial court=s alleged denial of his AMotion For Probation Following Execution Of Sentence.@  See Tex. Code Crim.
Proc. Ann. art. 42.12, ' 6
(Vernon 2006).[2]  On October 19, 2009, we sent Harrington a
letter notifying him of our concern that we lacked jurisdiction over his appeal
because no Texas statute authorizes a direct appeal from the denial or the
implied denial of a motion for shock probation. 
We stated in the letter that unless Harrington or any party desiring to
continue the appeal filed with this court, on or before October 29, 2009, a
response showing grounds for continuing the appeal, the appeal could be
dismissed for want of jurisdiction.  We
received no response.

AThe
right to appeal is conferred by the Legislature, and a party may appeal only
that which the Legislature has authorized.@  Dodson v. State, 988 S.W.2d 833, 834
(Tex. App.CSan
Antonio 1999, no pet.).  Article 42.12,
section 6 does not provide statutory authority for appealing an order denying
shock probation.  See Houlihan v. State, 579 S.W.2d 213, 216 (Tex. Crim. App.
1979); Basaldua v. State, 558 S.W.2d 2,
5 (Tex. Crim. App. 1977); Dodson, 988 S.W.2d at 834.

Because
there is no statutory authority for appealing an order denying shock probation,
we lack jurisdiction over Harrington=s
appeal.  Accordingly, we dismiss the
appeal for want of jurisdiction.

PER CURIAM

 

PANEL: WALKER, MCCOY, and MEIER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  December 10, 2009











[1]See Tex. R. App. P. 47.4.





[2]We requested that the
trial court forward to us a copy of the order Harrington claimed to be
appealing.  In response, the trial court
informed us that no such order existed because the trial court lost
jurisdiction to grant shock probation 180 days after the date of Harrington=s conviction date and
that Harrington did not seek a hearing on his motion for shock probation until
after the trial court=s jurisdiction had
expired.  Id.  In any event, as set forth below, no appeal
lies from the denial or implied denial of a motion for shock probation.