# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00429-CV

## Ex parte Carolyn Barnes

## ORIGINAL PROCEEDING FROM WILLIAMSON COUNTY

## M E M O R A N D U M   O P I N I O N

Carolyn Barnes has filed an original application for writ of habeas corpus in this Court. In her application, Barnes contends that she "is suffering an unlawful extraterritorial restraint on her liberty," having been charged by indictment with a first degree felony, and that "on appeal this 'conviction' will be overturned." Barnes prays that the she be immediately released or, in the alternative, that this Court reduce the amount of her appellate bond.[1]

This Court's original jurisdiction to issue a writ of habeas corpus is limited to those cases in which a person's liberty is restrained because the person has violated an order, judgment, or decree entered in a civil case. *See* Tex. Gov't Code § 22.221(d); *Dodson v. State*, 988 S.W.2d 833, 835 (Tex. App.—San Antonio 1999, no pet.). Moreover, article 11.07 of the Texas Code of Criminal Procedure vests complete jurisdiction over post-conviction relief from final felony convictions in the

---

[1] Article 44.04 of the Code of Criminal Procedure allows a convicted defendant to seek, in the trial court, reasonable bail pending appeal under certain circumstances. Tex. Code Crim. Proc. art. 44.04(b). The statute also provides for a separate, preferential appeal for complaints about the trial court's action in setting bond pending appeal. *Id*. art. 44.04(g). Here, Barnes has not filed notice of appeal with respect to any trial court order denying her request, if made, to reduce the amount of her bond pending appeal. Accordingly, we lack jurisdiction to consider any complaint related to Barnes's appellate bond in this proceeding.

Texas Court of Criminal Appeals. *See Padieu v. Court of Appeals of Tex., Fifth Dist.*, 392 S.W.3d 115, 117 (Tex. Crim. App. 2013); *see also* Tex. Code Crim. Proc. art. 11.07, § 5. Barnes is in custody pursuant to a felony conviction for aggravated assault. *See* Tex. Penal Code § 22.02(a)(2). Accordingly, we dismiss her application for writ of habeas corpus for want of jurisdiction.

_____

Scott K. Field, Justice

Before Chief Justice Jones, Justices Pemberton and Field

Filed:   July 12, 2013