# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00567-CV

**In re Kayla Wright**

### ORIGINAL PROCEEDING FROM TRAVIS COUNTY

### M E M O R A N D U M   O P I N I O N

Kayla Wright has filed an original application for writ of habeas corpus in this Court. In her application, Wright contends that she "is currently being illegally restrained of her liberty due to actions of this Court" and that she is entitled to habeas corpus relief "because there is a defect in the indictment."

Wright's application fails, in numerous respects, to comply with the rules of appellate procedure governing original proceedings. *See* Tex. R. App. P. 52.3; 52.7. For example, Wright's application fails to provide basic information concerning where or why she is being restrained. *See* Tex. R. App. P. 52.3 (d)-(f). Consequently, it is unclear whether this Court has jurisdiction to consider the merits of her application.[1] Accordingly, Wright's application for writ of habeas corpus is denied. *See* Tex. R. App. P. 52.8.

---

[1] This Court's original jurisdiction to issue a writ of habeas corpus is limited to those cases in which a person's liberty is restrained because the person has violated an order, judgment, or decree entered in a civil case. *See* Tex. Gov't Code § 22.221(d); *Dodson v. State*, 988 S.W.2d 833, 835 (Tex. App.—San Antonio 1999, no pet.) Moreover, article 11.07 of the Texas Code of Criminal Procedure vests complete jurisdiction over post-conviction relief from final felony convictions in the Texas Court of Criminal Appeals. *See Padieu v. Court of Appeals of Tex., Fifth Dist*., 392 S.W.3d 115, 117 (Tex. Crim. App. 2013); *see also* Tex. Code Crim. Proc. art. 11.07, § 5.

_____

Scott K. Field, Justice

Before Chief Justice Jones, Justices Pemberton and Field

Filed:   September 27, 2013