WR-83,370-02
WR-83,370-01
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 6/2/2015 1:09:33 PM
Accepted 6/2/2015 1:25:26 PM
ABEL ACOSTA
CLERK

No. _____

IN THE COURT OF CRIMINAL APPEALS

# In Re Ari Michael Burns, *Relator*

## PETITION FOR WRITS OF MANDAMUS AND PROHIBITION

In the Matter of Enforcement of the Michael Morton Act
and the Prohibition Against Imposition of
Conditions of Discovery
under Article 39.14 of the Code of Criminal Procedure

KEITH S. HAMPTON
Attorney at Law
State Bar No. 08873230
1103 Nueces Street
Austin, Texas  78701
(512) 476-8484 (o)
(512) 477-3580 (f)
(512) 762-6170 (c)
keithshampton@gmail.com

MCKINLEY MELANCON
Attorney at Law
State Bar No. 24084323
1307 Nueces Street
Austin, Texas 78701
(512) 954-0726  (o)
(512) 382-1482  (f)
(832) 866-0506  (c)
melancon@gmail.com

*ATTORNEYS FOR RELATORS*

# NAMES OF ALL PARTIES

Pursuant to the provisions of Rule 52.2, Texas Rules of Appellate Procedure, a complete list of the names of all parties to this original appellate action seeking extraordinary relief and counsel are as follows:

**Parties:**        Ari Michael Burns, Relator and Real Party in Interest

Rosemary Lehmberg, Travis County District Attorney, Respondent

**Counsel:**        Keith S. Hampton
1103 Nueces Street
Austin, Texas 78701

McKinley Melancon
Attorney at Law
1307 Nueces Street
Austin, Texas 78701

Rosemary Lehmberg
Scott Taliaferro
Travis County District Attorney's Office
P.O. Box 1748
Austin, Texas 78767

# TABLE OF CONTENTS

Names of All Parties. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

List of Authorities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

Statement of the Case. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Restraint. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Statement of Jurisdiction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**Issue Presented:**   Respondent should be compelled to provide discovery "as soon as practicable," as required by the Texas discovery statute, and should be prohibited from withholding discovery until indictment... . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Statement of Facts. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Prayer. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Certification of Factual Statements. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Certificate of Service and Compliance. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Appendix. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

   Article 39.14 of the Code of Criminal Procedure

   Rule 8.04 of the Texas Disciplinary Rules of Professional Conduct

   Opinion 646 of the Professional Ethics Committee for the State Bar

   Reporter's Record

   Affidavit

# LIST OF AUTHORITIES

**CASES**                                                                     **PAGE**

*De Leon v. Aguilar*, 127 S.W.3d 1 (Tex.Crim.App. 2004). . . . . . . . . . . . . . . . . . . . 4

*Dodson v. State*, 988 S.W.2d 833 (Tex. App. – San Antonio 1999, *no pet.*). . . . . . 2

*Ex parte Chi*, 256 S.W.3d 702 (Tex.Crim.App. 2008). . . . . . . . . . . . . . . . . . . . . . 5

*Ex parte Robinson*, 641 S.W.2d 552 (Tex.Crim.App. 1982). . . . . . . . . . . . . . . . . 2

*In re Bonilla*, 424 S.W.3d 528 (Tex.Crim.App. 2014). . . . . . . . . . . . . . . . . . . . 3-4

*In re State ex rel. Weeks*, 391 S.W.3d 117 (Tex.Crim.App. 2013). . . . . . . . . . . . . 4

## CONSTITUTIONAL PROVISIONS, STATUTES AND RULES OF APPELLATE PROCEDURE

Tex. Const. art. V, Sec. 12(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Tex. Code Crim. Pro. art.4.04. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Tex. Code Crim. Proc. art. 39.14.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

Tex. Code Crim. Proc. art.44.02. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Tex. Gov't Code §22.221(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4

Tex. R. App. Proc. 25.2. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Tex. R. App. Proc. 52. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Tex. R. App. Proc. 72. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Tex. Comm. on Prof'l Ethics, Op. 646 (2014). . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Tex. Disciplinary R. Prof'l Conduct 8.04. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:**

Comes now Ari Michael Burns, Relator, and pursuant to Rules 52 and 72 of the Texas Rules of Appellate Procedure, files this *Petition for Writs of Mandamus and Prohibition* to compel Travis County District Attorney Rosemary Lehmberg, Respondent, to comply with Article 39.14's requirement that discovery be provided "as soon as practicable" after request from defense counsel and to prohibit the denial of discovery until Respondent's own arbitrarily-chosen date.

## STATEMENT OF THE CASE

Relator's undersigned attorney, McKinley Melancon, requested discovery pursuant to Article 39.14 of the Code of Criminal Procedure on December 12, 2014, and again on April 2, 2015. To date, Respondent Travis County District Attorney Rosemary Lehmberg has withheld discovery. On May 28, 2015, the assistant Travis County district attorney informed Relator's counsel, Keith S. Hampton, that it was Respondent's policy to provide discovery only after indictment. Relator seeks relief from this Court to enforce the ministerial duty of Respondent to provide discovery "as soon as practicable," as so plainly required by statute. Relator also seeks relief from this Court to permanently terminate the policy of denial of discovery until the

1

prosecution decides to seek an indictment.

## RESTRAINT

Applicant is being restrained in his liberty by the requirement of appearance to court as a condition of bond. Applicant is therefore under restraint. *Ex parte Robinson*, 641 S.W.2d 552 (Tex.Crim.App. 1982).

## STATEMENT OF JURISDICTION

This Court has jurisdiction to issue a writ of mandamus in this cause under Article 5 §5(c) of the Texas Constitution, Article 4.04 of the Code of Criminal Procedure, and Rule 52 of the Texas Rules of Appellate Procedure. Only this Court can grant relief because the appellate courts have no original jurisdiction to issues writs of mandamus against district attorneys. *Dodson v. State*, 988 S.W.2d 833, 835 (Tex. App. – San Antonio 1999, *no pet.*); Tex. Gov't Code §22.221(b).

## ISSUE PRESENTED

Respondent should be compelled to provide discovery "as soon as practicable," as required by the Texas discovery statute, and should be prohibited from withholding discovery until indictment.

## STATEMENT OF FACTS

Respondent has withheld discovery requested pursuant to Article 39.14 of the Code of Criminal Procedure because, as the assistant district attorney said, "If it's unindicted, we won't send discovery out until it is indicted." (RR, p. 4)(attached).

## ARGUMENT

Article 39.14(a) of the Code of Criminal Procedure states in pertinent part: "as soon as practicable after receiving a timely request from the defendant the state shall produce and permit the inspection and the electronic duplication, copying, and photographing, by or on behalf of the defendant, of [items of evidence]." Tex. Code Crim. Proc. art. 39.14(a).[1] Because Relator made such a request, the State has a non-discretionary duty to provide counsel discovery "as soon as practicable."

Relator was arrested on November 18, 2014 for possession of a controlled substance. Relator has never been indicted in Cause No. D-DC-14-206545. Relator's undersigned attorney, McKinley Melancon, requested discovery on December 12, 2014, and again on April 2, 2015. As of June 2, 2015, the State has produced no discovery. Respondent's policy is to provide discovery only upon indictment.

---

[1] Article 39.14 was substantially rewritten with the passage of Senate Bill 1611, the Michael Morton Act. *See* Hampton, Keith S., *Texas Discovery: Where We Were, Where We Are Headed*, Voice for the Defense (Nov. 20, 2014).

3

The date of indictment is controlled by Respondent. By making discovery conditional upon Respondent's decision to seek an indictment, Respondent has effectively placed prosecutors in control of the disclosure of discovery items. Respondent's policy conflicts with the plain language of the statute wherein lawmakers imposed a duty of disclosure "as soon as practicable" and not "upon the successful acquisition of indictment."

Relator is entitled to mandamus relief if he is seeking to compel a ministerial act and has no adequate remedy at law to do so. *In re Bonilla*, 424 S.W.3d 528, 533 (Tex.Crim.App. 2014). "[T]he ministerial-act requirement, is satisfied if the relator can show a clear right to the relief sought. A clear right to relief is shown when the facts and circumstances dictate but one rational decision under unequivocal, well-settled (i.e., from extant statutory, constitutional, or case law sources), and clearly controlling legal principles." *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex.Crim.App. 2013)(citations omitted). Appeal ordinarily provides an adequate remedy at law. *De Leon v. Aguilar*, 127 S.W.3d 1, 6-7 (Tex.Crim.App. 2004).

Article 39.14 of the Code of Criminal Procedure mandates that "the state shall produce" discovery "as soon as practicable" after a request for discovery by defense counsel. This statute plainly does not condition discovery only "after indictment." Relator therefore has a clear right to discovery under the circumstances of this case.

4

Relator has no remedy at all except for a mandamus action in this Court. The district court has no jurisdiction to order discovery because Relator has not been indicted. Tex. Const. art. V, Sec. 12(b) (indictment invests court with jurisdiction). He cannot appeal. Tex. Code Crim. Proc. art. 44.02; Tex. R. App. Proc. 25.2. Nor can he seek redress in the Court of Appeals. Tex. Gov't Code §22.221(b). Thus, Relator has no other remedy than mandamus relief from this Court.

Relator not only seeks this Court to compel Respondent to provide discovery, but to also end the policy of withholding discovery until some date and time after indictment. Relator is entitled to a writ of prohibition if he has a clear right to relief and no adequate remedy at law. *Ex parte Chi*, 256 S.W.3d 702, 703-704 (Tex.Crim.App. 2008). Like the mandamus sought, Relator has no other remedy than a writ from this Court prohibiting Respondent from conditioning discovery upon some date and time of its own choosing.

Relator has a clear right to relief because Respondent's policy plainly violates Rule 8.04(a)(12) of the Texas Disciplinary Rules of Professional Conduct, as the Professional Ethics Committee of the State Bar of Texas has plainly held. The Committee reasoned:

> Because article 39.14 requires an "open file" policy by prosecutors without pre-conditions, prosecutors would violate Rule 8.04(a)(12) if they refused to produce and permit the inspection of their file in

5

accordance with the provisions of article 39.14 unless defense lawyers first agreed to waive certain rights of their clients. Under article 39.14 – and, therefore, under Rule 8.04(a)(12) – prosecutors are required to produce and permit the inspection of their files, subject only to the limitations set forth in article 39.14. Thus, prosecutors would violate Rule 8.04(a)(12) if they attempted to impose conditions not found in article 39.14 before making the required disclosures.

Tex. Comm. on Prof'l Ethics, Op. 646 (2014). *See also* Tex. Disciplinary R. Prof'l Conduct 8.04(a)(12), *reprinted in* Tex. Gov't Code, tit. 2, subtit. G, app. A (West 2014). The denial of discovery until indictment is a unilaterally imposed condition that violates this decision as well as the plain language of the statute. Relator thus has a clear right to relief.

## PRAYER

WHEREFORE, Relator prays the Court grant this petition and issue a writ of mandamus ordering Respondent to terminate the policy of her office of withholding discovery until indictment, comply with the clear, direct ministerial duty under Article 39.14 of the Code of Criminal Procedure and provide counsel with whatever discovery Respondent may have accumulated since the date of Relator's arrest.

Respectfully submitted,

KEITH HAMPTON
Attorney at Law
1103 Nueces Street
Austin, Texas 78701
512-476-8484 (o)
512-762-6170 (c)
512-477-3580 (f)
keithshampton@gmail.com
State Bar No. 08873230

MCKINLEY MELANCON
Attorney at Law
1307 Nueces Street
Austin, Texas 78701
lawfirm.melancon@gmail.com
TEL: (512) 954-0726
FAX: (512) 382-1482
CELL: (832) 866-0506
SBN: 24084323

7

## CERTIFICATION OF FACTUAL STATEMENTS

I, Keith S. Hampton, hereby certify that every factual statement contained within this petition is supported by competent evidence included in the record or appendix.

_____
Keith S. Hampton

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been delivered to the following parties and interested persons: electronically to Scott.Taliaferro@traviscountytx.gov, and personally to Ari Michael Burns on this day, June 2, 2015.

_____
KEITH S. HAMPTON

## CERTIFICATE OF COMPLIANCE

I hereby certify that this petition contains 781 words and complies with Rule 9.4 of the Texas Rules of Appellate Procedure.

_____
KEITH S. HAMPTON

8

# APPENDIX

Article 39.14 of the Code of Criminal Procedure. . . . . . . . . . . . . . . . . . . . . . . . . 1-3

Tex. Disciplinary R. Prof'l Conduct R. 8.04, *reprinted in* Tex. Gov't Code, tit. 2, subtit. G, app. A (West 2014). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4-6

Opinion 636, Professional Ethics Committee of the State Bar of Texas (2014).  7-8

Reporter's Record. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8-10

Affidavit.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

# Article 39.14 of the Code of Criminal Procedure

Art. 39.14. DISCOVERY. (a) Subject to the restrictions provided by Section 264.408, Family Code, and Article 39.15 of this code, as soon as practicable after receiving a timely request from the defendant the state shall produce and permit the inspection and the electronic duplication, copying, and photographing, by or on behalf of the defendant, of any offense reports, any designated documents, papers, written or recorded statements of the defendant or a witness, including witness statements of law enforcement officers but not including the work product of counsel for the state in the case and their investigators and their notes or report, or any designated books, accounts, letters, photographs, or objects or other tangible things not otherwise privileged that constitute or contain evidence material to any matter involved in the action and that are in the possession, custody, or control of the state or any person under contract with the state. The state may provide to the defendant electronic duplicates of any documents or other information described by this article. The rights granted to the defendant under this article do not extend to written communications between the state and an agent, representative, or employee of the state. This article does not authorize the removal of the documents, items, or information from the possession of the state, and any inspection shall be in the presence of a representative of the state.

(b) On motion of a party and on notice to the other parties, the court in which an action is pending may order one or more of the other parties to disclose to the party making the motion the name and address of each person the other party may use at trial to present evidence under Rules 702, 703, and 705, Texas Rules of Evidence. The court shall specify in the order the time and manner in which the other party must make the disclosure to the moving party, but in specifying the time in which the other party shall make disclosure the court shall require the other party to make the disclosure not later than the 20th day before the date the trial begins.

(c) If only a portion of the applicable document, item, or information is subject to discovery under this article, the state is not required to produce or permit the inspection of the remaining portion that is not subject to discovery and may withhold or redact that portion. The state shall inform the defendant that a portion of the document, item, or information has been withheld or redacted. On request of the defendant, the court shall conduct a hearing to determine whether withholding or redaction is justified under this article or other law.

1

(d)  In the case of a pro se defendant, if the court orders the state to produce and permit the inspection of a document, item, or information under this subsection, the state shall permit the pro se defendant to inspect and review the document, item, or information but is not required to allow electronic duplication as described by Subsection (a).

(e) Except as provided by Subsection (f), the defendant, the attorney representing the defendant, or an investigator, expert, consulting legal counsel, or other agent of the attorney representing the defendant may not disclose to a third party any documents, evidence, materials, or witness statements received from the state under this article unless:

 (1)  a court orders the disclosure upon a showing of good cause after notice and hearing after considering the security and privacy interests of any victim or witness; or

 (2)  the documents, evidence, materials, or witness statements have already been publicly disclosed.

(f)  The attorney representing the defendant, or an investigator, expert, consulting legal counsel, or agent for the attorney representing the defendant, may allow a defendant, witness, or prospective witness to view the information provided under this article, but may not allow that person to have copies of the information provided, other than a copy of the witness's own statement.  Before allowing that person to view a document or the witness statement of another under this subsection, the person possessing the information shall redact the address, telephone number, driver's license number, social security number, date of birth, and any bank account or other identifying numbers contained in the document or witness statement.  For purposes of this section, the defendant may not be the agent for the attorney representing the defendant.

(g)  Nothing in this section shall be interpreted to limit an attorney's ability to communicate regarding his or her case within the Texas Disciplinary Rules of Professional Conduct, except for the communication of information identifying any victim or witness, including name, except as provided in Subsections (e) and (f), address, telephone number, driver's license number, social security number, date of birth, and bank account information or any information that by reference would make it possible to identify a victim or a witness.  Nothing in this subsection shall prohibit the disclosure of identifying information to an administrative, law enforcement,

2

regulatory, or licensing agency for the purposes of making a good faith complaint.

(h)  Notwithstanding any other provision of this article, the state shall disclose to the defendant any exculpatory, impeachment, or mitigating document, item, or information in the possession, custody, or control of the state that tends to negate the guilt of the defendant or would tend to reduce the punishment for the offense charged.

(i)  The state shall electronically record or otherwise document any document, item, or other information provided to the defendant under this article.

(j)  Before accepting a plea of guilty or nolo contendere, or before trial, each party shall acknowledge in writing or on the record in open court the disclosure, receipt, and list of all documents, items, and information provided to the defendant under this article.

(k)  If at any time before, during, or after trial the state discovers any additional document, item, or information required to be disclosed under Subsection (h), the state shall promptly disclose the existence of the document, item, or information to the defendant or the court.

(l)  A court may order the defendant to pay costs related to discovery under this article, provided that costs may not exceed the charges prescribed by Subchapter F, Chapter 552, Government Code.

(m)  To the extent of any conflict, this article prevails over Chapter 552, Government Code.

(n)  This article does not prohibit the parties from agreeing to discovery and documentation requirements equal to or greater than those required under this article.

Acts 2013, 83rd Leg., R.S., Ch. 49 (S.B. 1611), Sec. 2, eff. January 1, 2014.

Rule 8.04 Misconduct

(a) A lawyer shall not:

(1) violate these rules, knowingly assist or induce another to do so, or do so through the acts of another, whether or not such violation occurred in the course of a client-lawyer relationship;
(2) commit a serious crime or commit any other criminal act that reflects adversely on the lawyers honesty, trustworthiness or fitness as a lawyer in other respects;
(3) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;
(4) engage in conduct constituting obstruction of justice;
(5) state or imply an ability to influence improperly a government agency or official;
(6) knowingly assist a judge or judicial officer in conduct that is a violation of applicable rules of judicial conduct or other law;
(7) violate any disciplinary or disability order or judgment;
(8) fail to timely furnish to the Chief Disciplinary Counsels office or a district grievance committee a response or other information as required by the Texas Rules of Disciplinary Procedure, unless he or she in good faith timely asserts a privilege or other legal ground for failure to do so;
(9) engage in conduct that constitutes barratry as defined by the law of this state;
(10) fail to comply with section 13.01 of the Texas Rules of Disciplinary Procedure relating to notification of an attorneys cessation of practice;
(11) engage in the practice of law when the lawyer is on inactive status or when the lawyers right to practice has been suspended or terminated, including but not limited to situations where a lawyers right to practice has been administratively suspended for failure to timely pay required fees or assessments or for failure to comply with Article XII of the State Bar Rules relating to Mandatory Continuing Legal Education; or
(12) violate any other laws of this state relating to the professional conduct of lawyers and to the practice of law.

(b) As used in subsection (a)(2) of this Rule, serious crime means barratry; any felony involving moral turpitude; any misdemeanor involving theft, embezzlement, or fraudulent or reckless misappropriation of money or other property; or any attempt, conspiracy, or solicitation of another to commit any of the foregoing crimes.

Comment:

1. There are four principal sources of professional obligations for lawyers in Texas: these Rules, the State Bar Act, the State Bar Rules, and the Texas Rules of Disciplinary Procedure (TRDP). Rule 1.06(O) of the TRDP contains a partial listing of the grounds for discipline under those Rules.

2. Rule 8.04 provides a comprehensive restatement of all forms of conduct that will subject a lawyer to discipline under either these Rules, the State Bar Act, the TRDP, or the State Bar Rules. In that regard, Rule 8.04(a)(1) is intended to correspond to TRDP Rule 1.06(O)(1); Rules 8.04(a)(2) and 8.04(b) are intended to correspond to the provisions of TRDP Rules 1.06(O)(8) and (9) and Rules 1.06(O) and (U), as well as certain other crimes; and Rules 8.04(a)(7)-(11) are intended to correspond to TRDP 1.06(O)(3)-(7), respectively. Rule 8.04(a)(12) of these Rules corresponds to a prohibition that was contained in the last (unnumbered) paragraph of former Article X, section 7, State Bar Rules.

3. The only provisions of TRDP Rule 1.06(O) not specifically referred to in Rule 8.04 is Rule 1.06(O)(2)s provision for imposing discipline on an attorney in Texas for conduct resulting in that lawyers discipline in another jurisdiction, which is provided for by Rule 8.05 of these Rules.

4. Many kinds of illegal conduct reflect adversely on fitness to practice law. However, some kinds of offenses carry no such implication. Traditionally in this state, the distinction has been drawn in terms of serious crimes and other offenses. See former Article X, sections 7(8) and 26 of the State Bar Rules (now repealed). The more recently adopted TRDP distinguishes between intentional crimes, serious crimes, and other offenses. See TRDP Rules 1.06(O) and (U), respectively. These Rules make only those criminal offenses either amounting to serious crimes or having the salient characteristics of such crimes the subject of discipline. See Rules 8.04(a)(2), 8.04(b).

5. Although a lawyer is personally answerable to the entire criminal law, a lawyer should be professionally answerable only for offenses that indicate lack of those characteristics relevant to his fitness for the practice of law, as fitness is defined in these Rules. A pattern of repeated offenses, even ones of minor significance when

considered separately, can indicate indifference to legal obligations that legitimately could call a lawyer's overall fitness to practice into question.

6. A lawyer may refuse to comply with an obligation imposed by law upon a good faith belief, openly asserted, that no valid obligation exists. The provisions of Rule 1.02(d) concerning a good faith challenge to the validity, scope, meaning or application of the law apply to challenges to legal regulation of the practice of law.

7. Lawyers holding public office assume legal responsibilities going beyond those of other citizens. A lawyers abuse of public office can suggest an inability to fulfill the professional role of attorney. The same is true of abuse of positions of private trust. See Rules 8.04(a)(2), 8.04(a)(3), 8.04(b).

Tex. Disciplinary R. Prof'l Conduct R. 8.04, *reprinted in* Tex. Gov't Code, tit. 2, subtit. G, app. A (West 2014)

REPORTER'S RECORD

TRIAL COURT CAUSE NO. 14-207448

STATE OF TEXAS            )      IN THE DISTRICT COURT
                          )
VS.                       )      TRAVIS COUNTY, TEXAS
                          )
JOHN EDWARD LEWIS         )      403RD JUDICIAL DISTRICT

* * * * * * * * * * * * * * * * * *

COURT PROCEEDINGS

* * * * * * * * * * * * * * * * * *

On the 28th day of May, 2015, the following proceedings came on to be heard in the above-entitled and numbered cause before the Honorable Brenda Kennedy, Judge presiding, held in Austin, Travis County, Texas:

Proceedings reported by Machine Shorthand.

APPEARANCES

JOE FREDERICK                    KEITH S. HAMPTON
District Attorney's Office       Attorney at Law
SBOT NO. 24057071                SBOT NO. 08873230
509 West 11th Street             1103 Nueces
Austin, Texas 78701              Austin, Texas 78701
Phone:  (512) 854-9400           Phone:  (512) 476-8484
ATTORNEY FOR THE STATE           ATTORNEY FOR THE DEFENDANT

INDEX

MAY 28, 2015                                    Page

Proceedings................................    4

Adjournment................................    4

Court Reporter's Certificate...............    5

THE COURT: This is an unindicted case and he's making a record about discovery. I don't know if you-all have any of the information or not.

MR. FREDERICK: What is the case name?

MR. HAMPTON: It's John Lewis and the cause number is D-1-DC-14-207448. He was arrested January 15th.

THE COURT: Have you been to their -- what is the offense?

MR. HAMPTON: Felon in possession, unlawful possession of a firearm by a felon.

THE COURT: They may have the discovery materials.

MR. FREDERICK: If it's unindicted, we won't send discovery out until it is indicted.

MR. HAMPTON: All right. And I guess the only other thing I would want to reflect is that I did request discovery on February 26th of this year. And if I am understanding the prosecutor correctly, they provide discovery once the person is indicted?

MR. FREDERICK: Correct.

MR. HAMPTON: Okay. All right. That's all I need.

THE COURT: All right. Thank you.

*(Proceedings adjourned)*

REPORTER'S CERTIFICATE

STATE OF TEXAS )
COUNTY OF TRAVIS )

I, Roxanne Davenport, Official Court Reporter in and for the 403rd District Court, Travis County, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of proceedings requested by counsel for the parties to be included in this volume of the Reporter's Record, in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, admitted by the respective parties.

I further certify that the total cost for the preparation of this Reporter's Record is $31.25   and was paid by Keith Hampton, Attorney for Defendant.

WITNESS MY HAND this the 28th day of May, 2015.

/s/ Roxanne Davenport
Roxanne Davenport, TX CSR 5359
Expiration Date:  12/31/2015
403rd District Court
P.O. Box 1748
Austin, Texas 78767
(512) 854-9620
roxanne.davenport@traviscountytx.gov

## AFFIDAVIT OF MCKINLEY MELANCON

"My name is McKinley Melancon, and I am the attorney for Ari Michael Burns. Mr. Burns was arrested on November 19, 2014 and is charged with possession of a controlled substance, a felony offense, in Cause Number D-1-DC-14-206545 in Travis County, Texas. I made a written discovery request to the Travis County District Attorney's office on December 12, 2014, and again on April 2, 2015. To this date, June 1, 2015, I have not been provided discovery. It is the Travis County District Attorney's office to withhold discovery until some time after the case has been indicted."

MCKINLEY MELANCON
Attorney at Law
1307 Nueces Street
Austin, Texas 78701
lawfirm.melancon@gmail.com
TEL: (512) 954-0726
FAX: (512) 382-1482
CELL: (832) 866-0506
SBN: 24084323

BEFORE ME, the undersigned personally appeared McKinley Melancon, who, after being duly sworn, stated that the above Affidavit is true and correct.

SUBSCRIBED AND SWORN TO before me on this day, June 1, 2015.

Notary Public in and for the State of Texas

Amanda Martinez
My Commission Expires
04/23/2017

1