

# Fourth Court of Appeals
## San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-23-00835-CR

**IN RE** John Gilbert **CENTENO** Jr.

Original Proceeding[1]

PER CURIAM

Sitting:      Rebeca C. Martinez, Chief Justice
               Luz Elena D. Chapa, Justice
               Lori I. Valenzuela, Justice

Delivered and Filed: September 27, 2023

DISMISSED FOR LACK OF JURISDICTION

On September 6, 2023, relator John Gilbert Centeno Jr. filed a pro se petition for writ of habeas corpus arguing he is being illegally confined in the Bexar County Adult Detention Center. Relator states on September 17, 2021, he was arrested and subsequently charged with a third-degree felony of continuous violence against family. According to relator, after his arrest, the State failed to comply with article 15.17 of the Texas Code of Criminal Procedure and obtain a judicial determination of probable cause to justify his warrantless arrest; the State failed to present a "fee agreement affidavit" indicating "the court has appointed an attorney;" and the State does not have standing to pursue any charges against him because the subject family member who is the aggrieved party did not want to pursue any charges.

---

[1]This proceeding arises out of Cause No. 2021CR11020, styled *John Gilbert Centeno Jr. v. The State of Texas*, pending in the 186th Judicial District Court, Bexar County, Texas, the Honorable Andrew Carruthers presiding.

We "may issue a writ of habeas corpus when it appears that the restraint of liberty is by virtue of an order, process, or commitment issued by a court or judge because of the violation of an order, judgment, or decree previously made, rendered, or entered by the court or judge in a *civil* case." TEX. GOV'T CODE § 22.221(d) (emphasis added).  However, we do not have original habeas corpus jurisdiction in criminal matters.  *Dodson v. State*, 988 S.W.2d 833, 835 (Tex. App.—San Antonio 1999, no pet.); s*ee* TEX. CONST. art. V, § 6 (providing that courts of appeals "shall have original or appellate jurisdiction, under such restrictions and regulations as may be prescribed by law"); TEX. GOV'T CODE § 22.221(d) (limiting original habeas corpus jurisdiction of courts of appeals to situations where relator's liberty is restrained by virtue of order, process, or commitment issued by court or judge in civil case).  Original jurisdiction to grant a writ of habeas corpus in a criminal case is vested in the Court of Criminal Appeals, the district courts, the county courts, or a judge of those courts.  *See* TEX. CODE CRIM. PROC. art. 11.05 (vesting "power to issue the writ of habeas corpus" in "[t]he Court of Criminal Appeals, the District Courts, the County Courts, or any Judge of said Courts").

Here, relator does not complain of an order, judgment, or decree entered in a civil case. Accordingly, because our habeas corpus jurisdiction in criminal matters is appellate only, we dismiss relator's petition for writ of habeas corpus for want of jurisdiction.

PER CURIAM

Do Not Publish