

## Fourth Court of Appeals
### San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-25-00071-CR

Ex parte **FRANK HERRERA**, Relator

Original Proceeding[1]

PER CURIAM

Sitting:　　　Lori Massey Brissette, Justice
　　　　　　Adrian A. Spears II, Justice
　　　　　　Velia J. Meza, Justice

Delivered and Filed: February 26, 2025

PETITION FOR WRIT OF HABEAS CORPUS DISMISSED FOR LACK OF JURISDICTION

On January 31, 2025, relator filed a petition for writ of habeas corpus in this court. In the petition, relator asks to be released from jail pending trial on three separate charges. On February 6, 2025, relator filed a handwritten motion to "dismiss due to State of Texas and United States Constitutional violations." In the motion, relator argues the charges against him should be dismissed and requests he be released from jail.

The courts of appeals have no original habeas-corpus jurisdiction in criminal matters. *Dodson v. State*, 988 S.W.2d 833, 835 (Tex. App.—San Antonio 1999, no pet.); *see* TEX. CONST. art. V, § 6 (providing that courts of appeals "shall have original or appellate jurisdiction, under such restrictions and regulations as may be prescribed by law"); TEX. GOV'T CODE §

---

[1] This proceeding arises out of Cause Nos. 2024CR010101, 2024CC737237, 2024CC737161, styled *The State of Texas v. Frank Herrera*, pending in the 290th Judicial District Court, Bexar County, Texas, the Honorable Jennifer Peña presiding.

22.221(d) (limiting original habeas corpus jurisdiction of courts of appeals to situations where relator's liberty is restrained by virtue of order, process, or commitment issued by court or judge in civil case). Original jurisdiction to grant a writ of habeas corpus in a criminal case is vested in the Court of Criminal Appeals, the district courts, the county courts, or a judge of those courts. *See* TEX. CODE CRIM. PROC. art. 11.05 (vesting "power to issue the writ of habeas corpus" in "[t]he Court of Criminal Appeals, the District Courts, the County Courts, or any Judge of said Courts").

Because we do not have jurisdiction over the issues presented by relator in his petition for writ of habeas corpus, we dismiss the petition.

PER CURIAM

DO NOT PUBLISH